UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION


UNITED STATES OF AMERICA,        )      CASE NO:  7:16-CR-01589
                                 )
                Plaintiff,       )           CRIMINAL
                                 )
      vs.                        )         McAllen, Texas
                                 )
ERICK ALAN TORRES DAVILA,        )      Tuesday, April 3, 2018
ELIZABETH LOPEZ-PEREZ,           )
DAVID MARTINEZ, JR.,             )      (2:24 p.m. to 3:38 p.m.)
EFRAIN ROBLEDO,                  )
OLEOMAR MONTALVO, JR.,           )
ERIC MIXTLI CACERES-COLEMAN,     )
HECTOR HERNANDEZ CARDENAS,       )
                                 )
                Defendants.      )


REARRAIGNMENT

BEFORE THE HONORABLE RICARDO H. HINOJOSA,
UNITED STATES DISTRICT JUDGE



**Appearances:**            See next page


Spanish Interpreter:    Cynthia de Peña

Court Recorder [ECRO]:   Antonio Tijerina

Transcribed By:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, Texas 78468
                        361 949-2988




Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

<u>**APPEARANCES FOR:**</u>


Plaintiff:                PATRICIA PROFIT, ESQ.
Assistant United States Attorney
1701 W. Business Hwy. 83
Suite 600
McAllen, TX 78501


Erick Torres Davila:    CARLOS A. GARCIA, ESQ.
1305 E. Griffin Pkwy.
Mission, TX 78572


Elizabeth Lopez-Perez:  NOE D. GARZA, JR., ESQ.
854 E. Van Buren St.
Brownsville, TX 78520


David Martinez, Jr.:    CRISPIN C.J. QUINTANILLA, III, ESQ.
5526 N. 10th
McAllen, TX 78504


Efrain Robledo:        RICARDO MONTALVO, ESQ.
7017 N. 10th St., Suite N2-329
McAllen, TX 78504


Oleomar Montalvo, Jr.:  JOSEPH R. BARROSO, ESQ.
5350 S. Staples, Suite 438
Corpus Christi, TX 78411


Eric Caceres-Coleman:   CHRISTOPHER D. MULDER, ESQ.
2001 Bryan St., Suite 1905 LB 92
Dallas, TX 75201


Hector Hernandez       GERARDO ARRIAGA, ESQ.
Cardenas:              7417 North 10th St.
McAllen, TX 78504


U.S. Probation:        Natalie Ownes
1701 W. Business Hwy. 83
Suite 729
McAllen, Texas 78501

1        **McAllen, Texas; Tuesday, April 3, 2018; 2:24 p.m.**

2                        **(Call to Order)**

3               **(Interpreter Utilized for Translation)**

4           **THE COURT:**  M-16-1589, United States of America

5   versus Eric Alan Torres Davila.

6           **MS. PROFIT:**  The government is present and ready, your

7   Honor.

8           **MR. GARCIA:**  Good afternoon, your Honor.  We're

9   present and ready for a plea to count one.

10          **THE COURT:**  He needs an interpreter?

11          **MR. GARCIA:**  Yes, your Honor.

12          **THE COURT:**  Elizabeth Lopez-Perez?

13          **MS. PROFIT:**  The government is present and ready.

14          **MR. GARZA:**  Ms. Perez is pleading to count number 4.

15          **THE COURT:**  David, she needs an interpreter and has

16  one.  David Martinez?

17          **MR. QUINTANILLA:**  C.J. Quintanilla for Mr. Martinez,

18  your Honor.  He's ready.

19          **THE COURT:**  Are you an attorney of record for him?

20  Because this has listed as Richard Garcia.

21          **MR. QUINTANILLA:**  True, that's, he is my law partner,

22  your Honor.  And he couldn't be here today.  And I filed a

23  notice of co-Counsel appearance, your Honor.

24          **THE COURT:**  Mr. Martinez, you wanted to proceed with

25  Mr. Quintanilla today for purposes of your change of plea

4

1    hearing?

2              **DEFENDANT MARTINEZ:**   Yes, your Honor.

3              **THE COURT:**  Okay.  The Court will allow that. Efrain

4    Robledo.

5              **MR. MONTALVO:**  Good afternoon, your Honor.  Ric

6    Montalvo for Mr. Robledo, he's present and ready, he needs the

7    services of an interpreter and has one.

8              **THE COURT:**  And he has one.  Olemar Montalvo?

9              **MR. BARROSO:**  Good afternoon, your Honor.  Ron

10   Barroso, on behalf of Mr. Montalvo, who is present and ready.

11   He is pleading to count five.  He does not need an interpreter.

12             **THE COURT:**  And he's out on bond?

13             **MR. BARROSO:**  Yes, your Honor.

14             **THE COURT:**  Eric Mixtli Caceres-Coleman, also known

15   as Eric Caceres-Coleman.

16             **MR. MULDER:**  Yes, Chris Mulder for Mr. Coleman to

17   change his plea to count five.  He does not need an

18   interpreter.  He's on bond, he's coming now.

19             **THE COURT:**  Hector Hernandez-Cardenas.

20             **MR. ARRIAGA:**  Good afternoon, your Honor.  Gerardo

21   Arriaga for Mr. Cardenas.  He does need an interpreter.

22             **THE COURT:**  And he has one.  If you can all move a

23   little bit here to the right?  It's my understanding that each

24   one of these defendants is a change of plea.  Lady and

25   gentlemen, if you would please raise your right hand so you can

5

1    be sworn in.

2        **(Defendants sworn)**

3            **THE COURT:**  Mr. Torres, do you sir?

4            **DEFENDANT TORRES:**  Yes, sir.

5            **THE COURT:**  Ms. Lopez, do you ma'am?

6            **DEFENDANT LOPEZ:**  Yes.

7            **THE COURT:**  Mr. Martinez, do you sir?

8            **DEFENDANT MARTINEZ:**   Yes, sir.

9            **THE COURT:**  Mr.  Robledo, do you sir?

10           **DEFENDANT ROBLEDO:**  Yes, sir.

11           **THE COURT:**  Mr. Montalvo, do you sir?

12           **DEFENDANT MONTALVO:**  Yes, sir.

13           **THE COURT:**  Mr. Coleman, do you sir?

14           **DEFENDANT CACERES:**  Yes, sir.

15           **THE COURT:**  Mr. Hernandez, do you sir?

16           **DEFENDANT HERNANDEZ:**  Yes.

17           **THE COURT:**  Does each one of you understand that

18   having been sworn, all of your answers to my questions have to

19   be the truth, and if they are not, you are subjecting yourself

20   to the penalties of perjury and or of making a false statement?

21   Do you understand that Mr. Torres?

22           **DEFENDANT TORRES:**  Yes, sir.

23           **THE COURT:**  Ms. Lopez?

24           **DEFENDANT LOPEZ:**  Yes.

25           **THE COURT:**  Mr. Martinez?

1          **DEFENDANT MARTINEZ:**   Yes, your Honor.

2          **THE COURT:**  Mr. Robledo?

3          **DEFENDANT ROBLEDO:**  Yes, sir.

4          **THE COURT:**  Mr. Montalvo?

5          **DEFENDANT MONTALVO:**  Yes, sir.

6          **THE COURT:**  Mr. Coleman?

7          **DEFENDANT CACERES:**  Yes, your Honor.

8          **THE COURT:**  And Mr. Cardenas?

9          **DEFENDANT HERNANDEZ:**  Yes.

10         **THE COURT:**  Mr. Torres, what is your full, true, and

11   correct name, sir.

12         **DEFENDANT TORRES:**  Eric Torres Davila.

13         **THE COURT:**  And Torres is your father's last name,

14   sir?

15         **DEFENDANT TORRES:**  Yes.

16         **THE COURT:**  Ms. Lopez, what is your full, true, and

17   correct name, ma'am?

18         **DEFENDANT LOPEZ:**  Elizabeth Lopez-Perez.

19         **THE COURT:**  And Lopez is your father's last name?

20         **DEFENDANT LOPEZ:**  Yes.

21         **THE COURT:**  And Perez is your mother's last name?

22         **DEFENDANT LOPEZ:**  Yes.

23         **THE COURT:**  Mr. Martinez, what is your full, true,

24   and correct name, sir?

25         **DEFENDANT MARTINEZ:**  David Martinez, Jr.

7

1          **THE COURT:**  Do you want to add Junior to this

2    indictment here?

3          **MS. PROFIT:**  Yes, your Honor.  The government so

4    moves.

5          **THE COURT:**  Is there any objection, Mr. Quintanilla?

6          **MR. QUINTANILLA:**  No objection, your Honor.

7          **THE COURT:**  The Court's going to allow the indictment

8    to reflect David Martinez, Jr.  Efrain, Mr. Robledo, what is

9    your true, full, and correct name, sir.

10         **DEFENDANT ROBLEDO:**  Efrain Robledo.

11         **THE COURT:**  And Robledo is your father's last name,

12   sir?

13         **DEFENDANT ROBLEDO:**  Yes, sir.

14         **THE COURT:**  Mr. Montalvo, what is your full, true,

15   and correct name, sir?

16         **DEFENDANT MONTALVO:**  Olemar Montalvo, Jr.

17         **THE COURT:**  And you're a Junior, also?

18         **DEFENDANT MONTALVO:**  Yes, sir.

19         **THE COURT:**  Do you want to add Junior to this

20   indictment?

21         **MS. PROFIT:**  Yes, your Honor.

22         **THE COURT:**  Is there any objection, Mr. Barroso?

23         **MR. BARROSO:**  No, your Honor.

24         **THE COURT:**  The Court's going to allow it to be

25   amended that way?  And Mr. Caceres, what is your full, true,

1   and correct name, sir?

2          **DEFENDANT CACERES:**  Eric Mixtli Caceres-Coleman.

3          **THE COURT:**  And Caceres is your father's last name,

4   sir?

5          **DEFENDANT CACERES:**  Yes, sir.

6          **THE COURT:**  And Mixtli is a middle name?

7          **DEFENDANT CACERES:**  Yes, sir.

8          **THE COURT:**  And Mr. Hernandez, what is your full,

9   true, and correct name, sir?

10          **DEFENDANT HERNANDEZ:**  Hector Hernandez-Cardenas.

11          **THE COURT:**  And Hernandez is your father's last name,

12   sir?

13          **DEFENDANT HERNANDEZ:**  Yes.

14          **THE COURT:**  I have been told that each one of you

15   would like to change your plea from not guilty to guilty with

16   regards to one of the charges contained in your indictment.  In

17   the United States, when a person pleads guilty, they give up

18   some very important rights.  I am going to explain some of

19   these to you.  If at any point you did not understand something

20   that I said, or you did not hear something that I said, would

21   you please stop me and let me know?  Mr. Torres, would you do

22   that?

23          **DEFENDANT TORRES:**  Yes, sir.

24          **THE COURT:**  Ms. Lopez, would you?

25          **DEFENDANT LOPEZ:**  Yes.

1          **THE COURT:**  Mr. Martinez, would you?

2          **DEFENDANT MARTINEZ:**   Yes, your Honor.

3          **THE COURT:**  Mr. Robledo, would you?

4          **DEFENDANT ROBLEDO:**  Yes, sir.

5          **THE COURT:**  Mr. Montalvo, would you, sir?

6          **DEFENDANT MONTALVO:**  Yes, sir.

7          **THE COURT:**  Mr. Coleman, would you, sir?

8          **DEFENDANT CACERES:**  Yes, your Honor.

9          **THE COURT:**  And Mr. Hernandez, would you, sir?

10          **DEFENDANT HERNANDEZ:**  Yes.

11          **THE COURT:**  I also want you to understand that

12   although I've called your cases at the same time, each one of

13   you has a separate and individual case against you.  And

14   everything that I tell you here applies to you separately and

15   individually.  And the answer of one of you in no way controls

16   the answer of anybody else.

17          So, knowing that, I'm going to ask your attorney

18   first, and then you, if you have any objection of my taking

19   your guilty plea at the same time that I take the guilty pleas

20   of the other defendants in their particular case.

21          Mr. Garcia, for your client, do you have any

22   objection to this?

23          **MR. GARCIA:**  I have no objection, your Honor.

24          **THE COURT:**  Mr. Torres, do you sir?

25          **DEFENDANT TORRES:**  No.

10

1        THE COURT:  Mr. Garza, for your client do you?

2        MR. GARZA:  No, your Honor.

3        THE COURT:  Ms. Lopez, do you ma'am?

4        DEFENDANT LOPEZ:  No.

5        THE COURT:  Mr. Quintanilla, for your client, do you,

6   sir?

7        MR. QUINTANILLA:  No objection, your Honor.

8        THE COURT:  Mr. Martinez, do you?

9        DEFENDANT MARTINEZ:   No, sir.

10       THE COURT:  Mr. Montalvo, for your client, do you,

11   sir?

12       MR. MONTALVO:  No, your Honor.

13       THE COURT:  Mr. Robledo, do you, sir?

14       DEFENDANT ROBLEDO:  No, sir.

15       THE COURT:  Mr. Barroso, for your client, do you,

16   sir?

17       MR. BARROSO:  No, your Honor.

18       THE COURT:  Mr. Montalvo, do you, sir?

19       DEFENDANT MONTALVO:  No, sir.

20       THE COURT:  Mr. Mulder, for your client, do you, sir?

21       MR. MULDER:  No, sir.

22       THE COURT:  What?

23       MR. MULDER:  No, sir.

24       THE COURT:  Mr. Caceres, do you, sir?

25       DEFENDANT CACERES:  No, sir.

1          THE COURT:  Mr. Arriaga, for your client, do you,

2   sir?

3          MR. ARRIAGA:  No, sir.

4          THE COURT:  Mr. Hernandez, do you?  Do you have any

5   objection to this Mr. Hernandez?

6          DEFENDANT HERNANDEZ:  No.

7          THE COURT:  Mr. Torres, how old are you, sir?

8          DEFENDANT TORRES:  31 years old.

9          THE COURT:  How far have you gone in school, sir?

10          DEFENDANT TORRES:  Nine.

11          THE COURT:  Nine years in Mexico, or where?

12          DEFENDANT TORRES:  Six in Mexico and three here.

13          THE COURT:  Where did you go to school here?

14          DEFENDANT TORRES:  Lincoln Middle School.

15          THE COURT:  In McAllen?

16          DEFENDANT TORRES:  Yes.

17          THE COURT:  You read and write Spanish?

18          DEFENDANT TORRES:  Yes.

19          THE COURT:  Do you speak any English?

20          DEFENDANT TORRES:  No.

21          THE COURT:  They didn't teach you any English in

22   three years at Lincoln Jr. High?

23          DEFENDANT TORRES:  Yes.  Yes, but I don't recall it.

24          THE COURT:  If we were to proceed totally in English,

25   would you be able to understand every single word in English

1  and would you be able to respond completely in English?

2          **DEFENDANT TORRES:**  No.

3          **THE COURT:**  Have you ever been treated by a doctor,

4  or admitted to a hospital, for a mental disease or mental

5  disorder of any kind?

6          **DEFENDANT TORRES:**  I've seen a doctor, a

7  psychologist.

8          **THE COURT:**  Where?

9          **DEFENDANT TORRES:**  Here.

10          **THE COURT:**  While you've been in custody?

11          **DEFENDANT TORRES:**  Yes.

12          **THE COURT:**  And why did you see a psychologist?

13          **DEFENDANT TORRES:**  Because I thought I needed one.

14          **THE COURT:**  Okay.  How long ago was that?

15          **DEFENDANT TORRES:**  Approximately five months.

16          **THE COURT:**  Are you still meeting with him or her?

17          **DEFENDANT TORRES:**  Not right now.

18          **THE COURT:**  Have you, during the last 24 hours, taken

19  any kind of drugs, medicine, or pills, or drunk any alcoholic

20  beverages?

21          **DEFENDANT TORRES:**  Medication.

22          **THE COURT:**  And the medication is what?

23          **DEFENDANT TORRES:**  For depression, anxiety, and

24  sleeping.

25          **THE COURT:**  Okay.  And the anxiety, is it your being

1  held in custody, right?

2         **DEFENDANT TORRES:**  I suppose so.

3         **THE COURT:**  Okay.  Have you ever had a hard time

4  sleeping before?

5         **DEFENDANT TORRES:**  Yes.

6         **THE COURT:**  Okay.  Have you, during the last 24

7  hours, taken any kind of drugs, medicine or pills, or drunk any

8  alcoholic beverages, and you took that medication last night,

9  or this morning, or when?

10        **DEFENDANT TORRES:**  Last night.

11        **THE COURT:**  Okay.  Do you have, do you know the name

12  of the medication?

13        **DEFENDANT TORRES:**  No.

14        **THE COURT:**  Mr. Garcia, do you have any doubt as to

15  his competence to understand these proceedings and to enter a

16  knowing plea at this time?

17        **MR. GARCIA:**  I have no doubt, your Honor.

18        **THE COURT:**  And you've been able to converse with him

19  and he's been able to help in his defense, and has understood

20  all of your conversations with him, and he's been able to help

21  you with regards to his defense?

22        **MR. GARCIA:**  Yes, your Honor.

23        **THE COURT:**  The Court is going to find that

24  Mr. Torres is competent to understand these proceedings and to

25  enter a knowing plea in this case.  Are you an American

14

1    citizen, Mr. Torres?

2             **DEFENDANT TORRES:**  Mexican.

3             **THE COURT:**  Ms. Lopez, how old are you, ma'am?

4             **DEFENDANT LOPEZ:**  31 years old.

5             **THE COURT:**  How far have you gone in school?

6             **DEFENDANT LOPEZ:**  12.

7             **THE COURT:** 12 years, where?

8             **DEFENDANT LOPEZ:**  In Mexico.

9             **THE COURT:**  You read and write Spanish?

10            **DEFENDANT LOPEZ:**  Yes.

11            **THE COURT:**  Do you speak any English?

12            **DEFENDANT LOPEZ:**  No.

13            **THE COURT:**  Have you ever been treated by a doctor,

14   or admitted to a hospital, for a mental disease or mental

15   disorder of any kind?

16            **DEFENDANT LOPEZ:**  No.

17            **THE COURT:**  Have you, during the last 24 hours, taken

18   any kind of drugs, medicine, or pills, or drunk any alcoholic

19   beverages?

20            **DEFENDANT LOPEZ:**  No.

21            **THE COURT:**  Mr. Garza, do you have any doubt as to

22   her competence to understand these proceedings, and to enter a

23   knowing plea in her case?

24            **MR. GARZA:**  No, your Honor.

25            **THE COURT:**  The Court is going to find that Ms. Lopez

1    is competent to understand these proceedings and to enter a

2    knowing plea in her case.

3              Ms. Lopez, are you an American citizen?

4              **DEFENDANT LOPEZ:**  No.

5              **THE COURT:**  Mr. Martinez, how old are you, sir?

6              **DEFENDANT MARTINEZ:**   43, sir.

7              **THE COURT:**  43.  How far have you gone in school,

8    sir?

9              **DEFENDANT MARTINEZ:**   I went to 12th, but I didn't

10   get to graduate, your Honor.

11             **THE COURT:**  Where did you go to school?

12             **DEFENDANT MARTINEZ:**   Edcouch Elsa.

13             **THE COURT:**  Why did you not graduate?

14             **DEFENDANT MARTINEZ:**   We were migrants, and we had to

15   start working.  But I did get my GED, sir.

16             **THE COURT:**  You got your GED.

17             **DEFENDANT MARTINEZ:**   Yes, sir.

18             **THE COURT:**  So, you obviously read and write English.

19             **DEFENDANT MARTINEZ:**   Yes, sir I do.

20             **THE COURT:**  Have you ever been treated by doctor, or

21   admitted to a hospital, for a mental disease or a mental

22   disorder of any kind?

23             **DEFENDANT MARTINEZ:**   No, your Honor, I have not.

24             **THE COURT:**  Have you, during the last 24 hours, taken

25   any kind of drugs, medicine, or pills, or drunk any alcoholic

16

1    beverages?

2            **DEFENDANT MARTINEZ:**   No, sir I haven't.

3            **THE COURT:**   Mr. Quintanilla, do you have any doubt as

4    to his competence to understand these proceedings and enter a

5    knowing plea in his case?

6            **MR. QUINTANILLA:**   No doubt whatsoever, your Honor.

7            **THE COURT:**   The Court is going to find that

8    Mr. Martinez is competent to understand these proceedings and

9    to enter a knowing plea in his case.

10           Mr. Martinez, you're an American citizen, right/

11           **DEFENDANT MARTINEZ:**   Yes, sir I am.

12           **THE COURT:**   Mr. Robledo, how old are you, sir?

13           **DEFENDANT ROBLEDO:**   27 years old.

14           **THE COURT:**   How far have you gone in school, sir?

15           **DEFENDANT ROBLEDO:**   Through preparatory school.

16           **THE COURT:**   So, 12 years in Mexico, or how many years

17    in Mexico?

18           **DEFENDANT ROBLEDO:**   I completed four here and

19    completed preparatory school over there.

20           **THE COURT:**   So, you finished 12 years in Mexico and

21    then four years here?

22           **DEFENDANT ROBLEDO:**   Yes.  And then I completed in

23    Mexico after that.

24           **THE COURT:**   Okay.  Four years here, where did you do

25    it?

17

1          **DEFENDANT ROBLEDO:**  At Valley View.

2          **THE COURT:**  Did you learn any English there?

3          **DEFENDANT ROBLEDO:**  Very little.

4          **THE COURT:**  Have you ever been treated by a doctor,

5     or admitted to a hospital, for a mental disease or a mental

6     disorder of any kind?

7          **DEFENDANT ROBLEDO:**  No, sir.

8          **THE COURT:**  Have you, during the last 24 hours, taken

9     any kind of drugs, medicine, or pills, or drunk any alcoholic

10    beverages?

11         **DEFENDANT ROBLEDO:**  No, sir.

12         **THE COURT:**  Mr. Montalvo, do you have any doubt as to

13    his competence to understand these proceedings and to enter a

14    knowing plea in his case?

15         **MR. MONTALVO:**  No doubt, your Honor.

16         **THE COURT:**  The Court is going to find that

17    Mr. Robledo is competent to understand these proceedings and to

18    enter a knowing plea in this case.

19         Mr. Montalvo, the defendant, how old are you, sir?

20         **DEFENDANT MONTALVO:**  39 sir.

21         **THE COURT:**  And how far have you gone in school?

22         **DEFENDANT MONTALVO:**  10th grade.

23         **THE COURT:**  10th grade?

24         **DEFENDANT MONTALVO:**  Yes, sir.

25         **THE COURT:**  Where did you go to school?

18

1          **DEFENDANT MONTALVO:**  Richard King High School in

2    Corpus.

3          **THE COURT:**  Why did you quit in the 10th grade?

4          **DEFENDANT MONTALVO:**  I dropped out.

5          **THE COURT:**  Did you get your GED?

6          **DEFENDANT MONTALVO:**  No, sir.

7          **THE COURT:**  Have you ever been treated by a doctor,

8    or admitted to a hospital, for a mental disease or a mental

9    disorder of any kind?

10         **DEFENDANT MONTALVO:**  No, sir.

11         **THE COURT:**  Have you, during the last 24 hours, taken

12   any kind of drugs, medicine, or pills, or drunk any alcoholic

13   beverages?

14         **DEFENDANT MONTALVO:**  No, sir.

15         **THE COURT:**  Mr. Barroso, do you have any doubt as to

16   his competence to understand these proceedings **--**

17         **MR. BARROSO:**  No, your Honor.

18         **THE COURT:**  **--** and to enter a knowing plea at this

19   time?  Do you have any doubt?

20         **MR. BARROSO:**  No, your Honor.  I have no doubt that

21   he's competent.

22         **THE COURT:**  The Court is going to find that

23   Mr. Montalvo is competent to understand these proceedings and

24   to enter a knowing plea in this case.

25         Mr. Montalvo, are you an American citizen?

1          **DEFENDANT MONTALVO:**  Yes, sir.

2          **THE COURT:**  Mr. Robledo, are you an American citizen?

3          **DEFENDANT ROBLEDO:**  Yes, sir.

4          **THE COURT:**  Mr. Caceres, how old are you, sir?

5          **DEFENDANT CACERES:**  29, sir.

6          **THE COURT:**  And how far have you gone in school?

7          **DEFENDANT CACERES:**  11th grade, but I'm already

8    scheduled to get my GED next week.

9          **THE COURT:**  You're going to be taking your GED?

10          **DEFENDANT CACERES:**  Yes, sir.

11          **THE COURT:**  Why did you drop out of school in the

12    11th grade?

13          **DEFENDANT CACERES:**  Because I had a fight with my

14    mom, and I took it too far, I guess, and I left the house and

15    just didn't go back to school.

16          **THE COURT:**  And where was this?

17          **DEFENDANT CACERES:**  This was here in the United

18    States, in Dallas, Texas.

19          **THE COURT:**  In Dallas?

20          **DEFENDANT CACERES:**  Yes, sir.

21          **THE COURT:**  Are you speaking to your mom now?

22          **DEFENDANT CACERES:**  Oh, yeah, no, that was just like

23    a couple of  months, but I had already dropped out of school,

24    so they wouldn't let me back in.

25          **THE COURT:**  You obviously read and write English.

1          **DEFENDANT CACERES:**  Yes, sir.

2          **THE COURT:**  Have you ever been treated by a doctor,

3     or admitted to a hospital, for a mental disease or mental

4     disorder of any kind?

5          **DEFENDANT CACERES:**  No, sir.

6          **THE COURT:**  Have you, during the last 24 hours, taken

7     any kind of drugs, medicine, or pills, or drunk any alcoholic

8     beverages?

9          **DEFENDANT CACERES:**  No, sir.

10          **THE COURT:**  Mr. Mulder, do you have any doubt as to

11     his competence to understand these proceedings and, or to enter

12     a knowing plea in this case?

13          **MR. MULDER:**  No doubt whatsoever, your Honor.

14          **THE COURT:**  The Court is going to find that

15     Mr. Caceres is competent to understand these proceedings and to

16     enter a knowing plea in this case.

17          Mr. Caceres, you do have, you're an American citizen,

18     right?

19          **DEFENDANT CACERES:**  Yes, sir.

20          **THE COURT:**  And how did you pick the name Mixtli?

21          **DEFENDANT CACERES:** Oh, my dad, I was born in Mexico,

22     and my dad is Mexican.  But, since my mom is American, I was

23     born a dual citizenship.

24          **THE COURT:**  So, you're not naturalized, you're

25     actually born with American citizenship?

1           **DEFENDANT CACERES:**  Yes, sir.  I've got two birth

2    certificates.

3           **THE COURT:**  Okay.

4           **DEFENDANT CACERES:**  Social security and everything.

5           **THE COURT:**  Mr. Hernandez, how old are you, sir?

6    Well, I did find that Mr. Caceres is competent to understand

7    these proceedings and to enter a knowing plea in his case.

8           Mr. Hernandez, how old are you, sir?

9           **DEFENDANT HERNANDEZ:**  53 years old.

10          **THE COURT:**  How far did you go in school, sir?

11          **DEFENDANT HERNANDEZ:**  12th.

12          **THE COURT:**  12 years in Mexico?

13          **DEFENDANT HERNANDEZ:**  Yes, in Mexico.

14          **THE COURT:**  Do you read and write Spanish?

15          **DEFENDANT HERNANDEZ:**  Yes.

16          **THE COURT:**  Do you speak any English?

17          **DEFENDANT HERNANDEZ:**  No.

18          **THE COURT:**  Have you ever been treated by a doctor,

19   or admitted to a hospital, for a mental disease or mental

20   disorder of any kind?

21          **DEFENDANT HERNANDEZ:**  No.

22          **THE COURT:** Have you, in the last 24 hours, taken any

23   kind of drugs, medicine, or pills, or drunk any alcoholic

24   beverages?

25          **DEFENDANT HERNANDEZ:**  No.

1          **THE COURT:**  Mr. Arriaga, do you have any doubt as to

2    his competence to understand these proceedings and to enter a

3    knowing plea at this time?

4          **MR. ARRIAGA:**  None whatsoever, your Honor.

5          **THE COURT:**  The Court is going to find that

6    Mr. Hernandez is competent to understand these proceedings and

7    to enter a knowing plea in this case.

8          Mr. Hernandez, are you an American citizen?

9          **DEFENDANT HERNANDEZ:**  No.

10          **THE COURT:**  Mr. Mulder, have you discussed with your

11   client to make sure that he was he wasn't naturalized?

12          **MR. MULDER:**  Yes, your Honor.   We've got copies of

13   the certificates.

14          **THE COURT:**  Okay.  Because, there's a Sixth Circuit

15   Court case about making sure that people who are naturalized,

16   who plead guilty, should be told that there may be an issue

17   with regards to their naturalization.  But, you're telling me

18   that he's not naturalized, he's just an American citizen.

19          **MR. MULDER:**  Yes, sir.

20          **THE COURT:**  Okay.  The next question is addressed to

21   each one of you.  Have you had an opportunity to discuss your

22   case with your lawyer?  Mr. Torres?

23          **DEFENDANT TORRES:**  Yes, sir.

24          **THE COURT:**  Ms. Lopez?

25          **DEFENDANT LOPEZ:**  Yes.

1          THE COURT:  Mr. Martinez?

2          DEFENDANT MARTINEZ:   Yes, your Honor.

3          THE COURT:  Mr. Robledo?

4          DEFENDANT ROBLEDO:  Yes, sir.

5          THE COURT:  Mr. Montalvo?

6          DEFENDANT MONTALVO:  Yes, sir.

7          THE COURT:  Mr. Coleman?

8          DEFENDANT CACERES:  Yes, sir.

9          THE COURT:  And Mr. Hernandez?

10          DEFENDANT HERNANDEZ:  Yes, sir.

11          THE COURT:  Are you satisfied with the way your

12   lawyer has represented you?  Mr. Torres?

13          DEFENDANT TORRES:  Yes, of course.

14          THE COURT:  Ms. Lopez?

15          DEFENDANT LOPEZ:  Yes.

16          THE COURT:  Mr. Martinez?

17          DEFENDANT MARTINEZ:   Yes, sir.

18          THE COURT:  Mr. Robledo?

19          DEFENDANT ROBLEDO:  Yes, sir.

20          THE COURT:  Mr. Montalvo?

21          DEFENDANT MONTALVO:  Yes, sir.

22          THE COURT:  Mr. Coleman?

23          DEFENDANT CACERES:  Yes, your Honor.

24          THE COURT:  And Mr. Hernandez?

25          DEFENDANT HERNANDEZ:  Yes.

24

1          **THE COURT:**  Have you received or seen a copy of the

2  indictment, or the formal charges against you in your case?

3  Mr. Torres?

4          **DEFENDANT TORRES:**  Yes, sir.

5          **THE COURT:**  Ms. Lopez?

6          **DEFENDANT LOPEZ:**  Yes.

7          **THE COURT:**  Mr. Martinez?

8          **DEFENDANT MARTINEZ:**   Yes, your Honor.

9          **THE COURT:**  Mr. Robledo?

10          **DEFENDANT ROBLEDO:**  Yes, sir.

11          **THE COURT:**  Mr. Montalvo?

12          **DEFENDANT MONTALVO:**  Yes, sir.

13          **THE COURT:**  Mr. Coleman?

14          **DEFENDANT CACERES:**  Yes, your Honor.

15          **THE COURT:**  And Mr. Hernandez?

16          **DEFENDANT HERNANDEZ:**  Yes.

17          **THE COURT:**  Have you had sufficient time to visit

18  with your lawyer about the charges contained against you in

19  your indictment?  Mr. Torres?

20          **DEFENDANT TORRES:**  Yes, sir.

21          **THE COURT:**  Ms. Lopez?

22          **DEFENDANT LOPEZ:**  Yes.

23          **THE COURT:**  Mr. Martinez?

24          **DEFENDANT MARTINEZ:**   Yes, your Honor.

25          **THE COURT:**  Mr. Robledo?

1          **DEFENDANT ROBLEDO:**  Yes, sir.

2          **THE COURT:**  Mr. Montalvo?

3          **DEFENDANT MONTALVO:**  Yes, sir.

4          **THE COURT:**  Mr. Coleman?

5          **DEFENDANT CACERES:**  Yes, sir.

6          **THE COURT:**  And Mr. Hernandez?

7          **DEFENDANT HERNANDEZ:**  Yes.

8          **THE COURT:**  Would you please rearraign each one of

9    the defendants?  The Court is going to find that each one of

10   them has taken full advantage of their right to an attorney

11   here.

12         **MS. PROFIT:**  In the United States District Court,

13   Southern District of Texas, McAllen Division, United States of

14   America versus Erick Alan Torres Davila, also known as

15   Cachorro; Elizabeth Lopez Perez; David Martinez, Jr.; Efrain

16   Robledo, also known as Payo; Olemar Montalvo, Jr., also known

17   as Omar; Eric Mixtli Caceres Coleman; and Hector Hernandez

18   Cardenas.  M16-1589.

19         Proceeding with respect to count one, from on or

20   about February, 2013 to on or about the date of the indictment

21   in the Southern District of Texas, and within the jurisdiction

22   of the Court, defendants Erick Alan Torres Davila, also known

23   as Cachorro, David Martinez, Jr., Efrain Robledo Guerrero,

24   Olemar Montalvo, Jr., and Hector Hernandez Cardenas, did

25   knowingly and intentionally conspire and agree together, and

1   with persons known and unknown to the grand jurors, to possess

2   with intent to distribute a controlled substance.  The

3   controlled substance involved were 5 kilograms or more of a

4   mixture or substance containing a detectible amount of cocaine,

5   a Schedule II controlled substance; 50 grams or more of

6   methamphetamine, a Schedule II controlled substance; a 100

7   kilograms or more of a mixture or substance containing a

8   detectible amount of marijuana, a schedule I controlled

9   substance; in violation of Title 21 United States Code Sections

10  846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(A).

11          How do you plead to count one of the indictment,

12  Erick Alan Torres Davila?  Guilty or not guilty?

13          **DEFENDANT TORRES:**  Guilty.

14          **MS. PROFIT:**  How do you plead to count one of the

15  indictment, David Martinez?  Guilty or not guilty?

16          **DEFENDANT MARTINEZ:**   Guilty.

17          **MS. PROFIT:**  How do you plead to count one of the

18  indictment, Efrain Robledo?  Guilty or not guilty?

19          **DEFENDANT ROBLEDO:**  Guilty.

20          **MS. PROFIT:**  How do you plead to count one of the

21  indictment, Hector Hernandez-Cardenas?  Guilty or not guilty?

22          **DEFENDANT HERNANDEZ:**  Guilty.

23          **MS. PROFIT:**  Proceeding with respect to count four of

24  the indictment.  On or about October 7th, 2015, in the Southern

25  District of Texas, and within the jurisdiction of the Court,

1    defendant Elizabeth Lopez Perez, did knowingly and

2    intentionally, possess with intent to distribute a controlled

3    substance.   The controlled substance involved was 5 kilograms

4    or more, that is approximately 42 kilograms of a mixture or

5    substance containing a detectible amount of cocaine, a

6    Scheduled II controlled substance, in violation of Title 21

7    United States Code, Sections 841(a)(1) and 841(b)(1)(A); and

8    Title 18 United States Code Section 2.

9           How do you plead to count four of the indictment,

10   Elizabeth Lopez Perez?   Guilty or not guilty?

11          **DEFENDANT LOPEZ:**   Guilty.

12          **THE COURT:**   Proceeding with respect to count five of

13   the indictment.   On or about March 31st, 2016, in the Southern

14   District of Texas, and within the jurisdiction of the Court,

15   defendants Olemar Montalvo, also known as Omar, and Eric Mixtli

16   Caceres Coleman, did knowingly and intentionally possess with

17   intent to distribute a controlled substance.   The controlled

18   substance involved was 100 kilograms or more, that is

19   approximately 425 kilograms of a mixture or substance

20   containing a detectible amount of marijuana, a Schedule I

21   controlled substance, in violation of Title 21 United States

22   Code Sections 841(a)(1) and 841(b)(1)(B) and Title 18 United

23   States Code Section 2.

24          How do you plead to count five, Olemar Montalvo, also

25   known as Omar?   Guilty or not guilty?

1          DEFENDANT MONTALVO:  Guilty.

2          MR. BARROSO:  Your Honor, just for the record, I want

3     to make sure that, that particular count, we agreed to plead

4     guilty to an amount more than 100 kilograms of marijuana.  But,

5     the exact amount, the 425 was just used.

6          THE COURT:  Yeah, that's going to be --

7          MR. BARROSO:  Sure.

8          THE COURT:  Go ahead.

9          MR. BARROSO:  I understand it's.

10          MS. PROFIT:  How do you plead to count five of the

11     indictment, Eric Caceres Coleman?  Guilty or not guilty?

12          DEFENDANT CACERES:  Guilty.

13          THE COURT:  You've asked all of them now, right?

14          MS. PROFIT:  I think so.

15          THE COURT:  Yes, because they're all pleading to

16     either count one, four, or five.

17          MS. PROFIT:  Right.

18          THE COURT:  And Mr. Coleman, I've been calling you

19     Mr. Coleman, but your last name is really Mr. Caceres, right?

20     Your father's last name.

21          DEFENDANT CACERES:  Caceres.

22          THE COURT:  Yes. Does each one of you understand that

23     under the constitution and laws of the United States, you can

24     if you want to, plead not guilty.  And if you plead not guilty,

25     then you have a trial by a jury or a Judge on the charges

1    contained in the indictment against you?  Do you understand

2    that Mr. Torres?

3              **DEFENDANT TORRES:**  Yes, sir.

4              **THE COURT:**  Ms. Lopez?

5              **DEFENDANT LOPEZ:**  Yes.

6              **THE COURT:**  Mr. Martinez?

7              **DEFENDANT MARTINEZ:**   Yes, your Honor.

8              **THE COURT:**  Mr. Robledo?

9              **DEFENDANT ROBLEDO:**  Yes, sir.

10             **THE COURT:**  Mr. Montalvo?

11             **DEFENDANT MONTALVO:**  Yes, sir.

12             **THE COURT:**  Mr. Caceres?

13             **DEFENDANT CACERES:**  Yes, sir.

14             **THE COURT:**  And Mr. Hernandez?

15             **DEFENDANT HERNANDEZ:**  Yes.

16             **THE COURT:**  Do you also understand that at a trial

17   you would have the right to the assistance of an attorney,

18   whether you could afford one or not.  And if you could not

19   afford one, the Court would appoint one to represent you at all

20   stages of the proceedings against you at no cost to you.  Do

21   you understand that, Mr. Torres?

22             **DEFENDANT TORRES:**  Yes, sir.

23             **THE COURT:**  Ms. Lopez?

24             **DEFENDANT LOPEZ:**  Yes.

25             **THE COURT:**  Mr. Martinez?

1           DEFENDANT MARTINEZ:   Yes, your Honor.

2           THE COURT:  Mr. Robledo?

3           DEFENDANT ROBLEDO:  Yes, sir.

4           THE COURT:  Mr. Montalvo?

5           DEFENDANT MONTALVO:  Yes, sir.

6           THE COURT:  Mr. Caceres?

7           DEFENDANT CACERES:  Yes, sir.

8           THE COURT:  And Mr. Hernandez?

9           DEFENDANT HERNANDEZ:  Yes.

10           THE COURT:  Do you also understand that at a trial,

11  you would be presumed to be innocent, and the government would

12  have to overcome that presumption and prove you guilty by

13  competent evidence and beyond a reasonable doubt, and it would

14  not be up to you to prove your innocence?  Do you understand

15  that, Mr. Torres?

16           DEFENDANT TORRES:  Yes, sir.

17           THE COURT:  Ms. Lopez?

18           DEFENDANT LOPEZ:  Yes.

19           THE COURT:  Mr. Martinez?

20           DEFENDANT MARTINEZ:   Yes, your Honor.

21           THE COURT:  Mr. Robledo?

22           DEFENDANT ROBLEDO:  Yes, sir.

23           THE COURT:  Mr. Montalvo?

24           DEFENDANT MONTALVO:  Yes, sir.

25           THE COURT:  Mr. Caceres?

1      **DEFENDANT CACERES:**  Yes, sir.

2      **THE COURT:**  And Mr. Hernandez?

3      **DEFENDANT HERNANDEZ:**  Yes, sir.

4      **THE COURT:**  Do you also understand that in the course

5  of a trial, the witnesses for the government have to come into

6  the courtroom and testify in your presence and in the presence

7  of your attorney; and your attorney can cross examine the

8  witnesses for the government, object to any evidence offered by

9  the government, and present any evidence on your behalf that

10 you might want to present?  Do you understand that, Mr. Torres?

11     **DEFENDANT TORRES:**  Yes, sir.

12     **THE COURT:**  Ms. Lopez?

13     **DEFENDANT LOPEZ:**  Yes.

14     **THE COURT:**  Mr. Martinez?

15     **DEFENDANT MARTINEZ:**   Yes, your Honor.

16     **THE COURT:**  Mr. Robledo?

17     **DEFENDANT ROBLEDO:**  Yes, sir.

18     **THE COURT:**  Mr. Montalvo?

19     **DEFENDANT MONTALVO:**  Yes, sir.

20     **THE COURT:**  Mr. Caceres?

21     **DEFENDANT CACERES:**  Yes, sir.

22     **THE COURT:**  And Mr. Hernandez?

23     **DEFENDANT HERNANDEZ:**  Yes, sir.

24     **THE COURT:**  Do you also understand that at a trial

25 you would have the right to take the witness stand and testify

1    if you chose to do so?   You would also have your very

2    important right, under the Fifth Amendment to the United States

3    Constitution, not to testify against yourself and not to

4    incriminate yourself, and no one could hold it against you if

5    you did not do that.  Do you understand that, Mr. Torres?

6              **DEFENDANT TORRES:**  Yes, sir.

7              **THE COURT:**  Ms. Lopez?

8              **DEFENDANT LOPEZ:**  Yes.

9              **THE COURT:**  Mr. Martinez?

10             **DEFENDANT MARTINEZ:**   Yes, your Honor.

11             **THE COURT:**  Mr. Robledo?

12             **DEFENDANT ROBLEDO:**  Yes, sir.

13             **THE COURT:**  Mr. Montalvo?

14             **DEFENDANT MONTALVO:**  Yes, sir.

15             **THE COURT:**  Mr. Caceres?

16             **DEFENDANT CACERES:**  Yes, sir.

17             **THE COURT:**  And Mr. Hernandez?

18             **DEFENDANT HERNANDEZ:**  Yes.

19             **THE COURT:**  Do you also understand that if you

20   continue to plead guilty, and if I accept that guilty plea,

21   that you're giving up and you're waiving up your right to a

22   trial and these other rights which I've just mentioned and

23   discussed with you, including any rights that you may have with

24   regards to having a jury determine any sentencing factor in

25   your case.  And in your case, there would not be a trial and I

1    would simply enter a judgment of guilty and sentence you on the

2    basis of your guilty plea?  Do you understand that, Mr. Torres?

3             **DEFENDANT TORRES:**  Yes, sir.

4             **THE COURT:**  Ms. Lopez?

5             **DEFENDANT LOPEZ:**  Yes.

6             **THE COURT:**  Mr. Martinez?

7             **DEFENDANT MARTINEZ:**   Yes, your Honor.

8             **THE COURT:**  Mr. Robledo?

9             **DEFENDANT ROBLEDO:**  Yes, sir.

10            **THE COURT:**  Mr. Montalvo?

11            **DEFENDANT MONTALVO:**  Yes, sir.

12            **THE COURT:**  Mr. Caceres?

13            **DEFENDANT CACERES:**  Yes, sir.

14            **THE COURT:**  And Mr. Hernandez?

15            **DEFENDANT HERNANDEZ:**  Yes, sir.

16            **THE COURT:**  Do you also understand that if you

17   continue to plead guilty, you give up your right not to testify

18   against yourself and not to incriminate yourself?  Because in

19   order for me to be satisfied that you are guilty, I am going to

20   have to ask you some questions about this alleged offense, and

21   you will not be able to refuse to answer them.  Do you

22   understand that, Mr. Torres?

23            **DEFENDANT TORRES:**  Yes, sir.

24            **THE COURT:**  Ms. Lopez?

25            **DEFENDANT LOPEZ:**  Yes.

34

1        THE COURT:  Mr. Martinez?

2        DEFENDANT MARTINEZ:   Yes, your Honor.

3        THE COURT:  Mr. Robledo?

4        DEFENDANT ROBLEDO:  Yes, sir.

5        THE COURT:  Mr. Montalvo?

6        DEFENDANT MONTALVO:  Yes, sir.

7        THE COURT:  Mr. Caceres?

8        DEFENDANT CACERES:  Yes, sir.

9        THE COURT:  And Mr. Hernandez?

10       DEFENDANT HERNANDEZ:  Yes.

11       THE COURT:  In your own case, are you willing to

12 waive up and give up your right to a trial and these other

13 rights that I've just indicated to you that you give up when

14 you plead guilty?  Are you willing to do that in your case,

15 Mr. Torres?

16       DEFENDANT TORRES:  Yes, sir.

17       THE COURT:  Ms. Lopez?

18       DEFENDANT LOPEZ:  Yes.

19       THE COURT:  Mr. Martinez?

20       DEFENDANT MARTINEZ:   Yes, sir.

21       THE COURT:  Mr. Robledo?

22       DEFENDANT ROBLEDO:  Yes, sir.

23       THE COURT:  Mr. Montalvo?

24       DEFENDANT MONTALVO:  Yes, sir.

25       THE COURT:  Mr. Caceres?

35

1          **DEFENDANT CACERES:**  Yes, sir.

2          **THE COURT:**  And Mr. Hernandez?

3          **DEFENDANT HERNANDEZ:**  Yes.

4          **THE COURT:**  And each one of you has already told me

5    that you've discussed with your lawyer the charges contained in

6    the indictment against you.  Is that correct in your case,

7    Mr. Torres?

8          **DEFENDANT TORRES:**  Yes, sir.

9          **THE COURT:**  Ms. Lopez?

10         **DEFENDANT LOPEZ:**  Yes.

11         **THE COURT:**  Mr. Martinez?

12         **DEFENDANT MARTINEZ:**   Yes, your Honor.

13         **THE COURT:**  Mr. Robledo?

14         **DEFENDANT ROBLEDO:**  Yes, sir.

15         **THE COURT:**  Mr. Montalvo?

16         **DEFENDANT MONTALVO:**  Yes, sir.

17         **THE COURT:**  Mr. Caceres?

18         **DEFENDANT CACERES:**  Yes, sir.

19         **THE COURT:**  And Mr. Hernandez?

20         **DEFENDANT HERNANDEZ:**  Yes.

21         **THE COURT:**  Do you understand what you're being

22   charged with, with regards to your indictment, Mr. Torres?

23         **DEFENDANT TORRES:**  Yes, sir.

24         **THE COURT:**  Ms. Lopez?

25         **DEFENDANT LOPEZ:**  Yes.

1      **THE COURT:**  Mr. Martinez?

2      **DEFENDANT MARTINEZ:**   Yes, your Honor.

3      **THE COURT:**  Mr. Robledo?

4      **DEFENDANT ROBLEDO:**  Yes, sir.

5      **THE COURT:**  Mr. Montalvo?

6      **DEFENDANT MONTALVO:**  Yes, sir.

7      **THE COURT:**  Mr. Caceres?

8      **DEFENDANT CACERES:**  Yes, sir.

9      **THE COURT:**  And Mr. Hernandez?

10     **DEFENDANT HERNANDEZ:**  Yes.

11     **THE COURT:**  In your case, Mr. Torres, Mr. Martinez,

12     Mr. Robledo, and Mr. Hernandez, do you understand that if you

13     told me right now that if you wanted to plead not guilty to

14     count number one of your indictment, that in order to find you

15     guilty, the government would have to prove at a trial by

16     competent evidence and beyond a reasonable doubt, that from on

17     or about February, 2013 to on or about the date of this

18     indictment, which was filed November 1st of the year 2016,

19     within the jurisdiction of this Court, you had knowingly and

20     intentionally conspired and agreed with at least one other

21     individual to possess with the intent to distribute a

22     controlled substance.  That controlled substance involved was 5

23     kilograms or more of the mixture or substance containing a

24     detectible amount of cocaine, a Schedule II controlled

25     substance; 50 grams or more of methamphetamine, a Scheduled II

1    controlled substance; 100 kilograms or more of a mixture or

2    substance containing a detectible amount of marijuana, a

3    Schedule I controlled substance, and that this was a violation

4    of Title 21 U.S. Code, Sections 846, 841(a)(1), 841(b)(1)(A),

5    and 841(b)(1)(B).  Do you understand that that's what they

6    would have to prove in order to find you guilty with regards to

7    the charge contained against you in count number one,

8    Mr. Torres?

9              **DEFENDANT TORRES:**  Yes, sir.

10             **THE COURT:**  Mr. Martinez?

11             **DEFENDANT MARTINEZ:**   Yes, your Honor.

12             **THE COURT:**  Mr. Hernandez?

13             **DEFENDANT HERNANDEZ:**  Yes.

14             **THE COURT:**  And Mr. Robledo?

15             **DEFENDANT ROBLEDO:**  Yes, sir.

16             **THE COURT:**  And in your case, Ms. Lopez, do you

17   understand that if you told me right now that you wanted to

18   plead not guilty to count number four of your indictment, that

19   in order to find you guilty, the government would have to prove

20   at a trial by competent evidence and beyond a reasonable doubt,

21   that on or about October 7th, of the year 2015, within the

22   jurisdiction of this Court, you had knowingly and intentionally

23   possessed with the intent to distribute a controlled substance.

24   The controlled substance involved was 5 kilograms or more, that

25   is approximately 42 kilograms of a mixture or substance

1    containing a detectible amount of cocaine, a Scheduled II

2    controlled substance.  Do you understand that that's what they

3    would have to prove in order to find you guilty of that

4    particular charge in your case, Ms. Lopez?

5           **DEFENDANT LOPEZ:**  Yes.

6           **THE COURT:**  Do you know what the maximum possible

7    punishment is that I can impose in your case, Mr. Torres, based

8    on the drugs are being mentioned and the amounts that are

9    alleged in your indictment?  Do you know what the maximum

10   possible punishment is in your case, Mr. Torres?

11          **DEFENDANT TORRES:**  Yes, sir.

12          **THE COURT:**  Ms. Lopez?

13          **DEFENDANT LOPEZ:**  Yes.

14          **THE COURT:**  Mr. Martinez?

15          **DEFENDANT MARTINEZ:**   Yes, your Honor.

16          **THE COURT:**  Mr. Robledo?

17          **DEFENDANT ROBLEDO:**  Yes, sir.

18          **THE COURT:**  And Mr. Hernandez?

19          **DEFENDANT HERNANDEZ:**  Yes.

20          **THE COURT:**  In each one of your cases, do you know

21   that the maximum possible punishment is up to life

22   imprisonment?  The least that the Court can impose is ten years

23   imprisonment.  In addition to all of this, the Court can impose

24   a fine of up to $10 million, the Court has to impose a $100

25   special assessment against you as required by law.  Also, at

1    the time of sentencing, the Court has to impose a supervised

2    release term in your case of at least five years, which means

3    that when you would be released from prison, you'd be released

4    under supervised release.  If you violate a condition of

5    supervised release, that term would be revoked and you would

6    serve that time in custody.  In addition to all of this, if the

7    Court were to find that you are financially able, the Court at

8    the time of sentencing would have to assess the costs of

9    incarceration and supervised release supervision on you.  Do

10   you understand all of that in your case, Mr. Torres?

11            **DEFENDANT TORRES:**  Yes, sir.

12            **THE COURT:**  Ms. Lopez?

13            **DEFENDANT LOPEZ:**  Yes.

14            **THE COURT:**  Mr. Martinez?

15            **DEFENDANT MARTINEZ:**   Yes, sir.

16            **THE COURT:**  Mr. Robledo?

17            **DEFENDANT ROBLEDO:**  Yes, sir.

18            **THE COURT:**  And Mr. Hernandez?

19            **DEFENDANT HERNANDEZ:**  Yes.

20            **THE COURT:**  Mr. Torres, have you discussed the

21   immigration consequences of deportation and a removal from the

22   United States as a result of your pleading guilty to this

23   offense?  Have you discussed this with your lawyer?

24            **DEFENDANT TORRES:**  Yes, sir.

25            **THE COURT:**  Mr. Garcia, is that correct?

1          **MR. GARCIA:**  Yes, your Honor.

2          **THE COURT:**  Ms. Lopez, have you discussed the

3    immigration consequences of deportation or removal from the

4    United States as a result of your pleading guilty to this

5    particular offense?

6          **DEFENDANT LOPEZ:**  Yes.

7          **(Pause)**

8          **THE COURT:**  Mr. Hernandez, have you discussed with

9    your attorney the immigration consequences and removal as a

10   result of your pleading guilty to this offense?

11         **DEFENDANT HERNANDEZ:**  Yes.

12         **THE COURT:**  Is that correct, Mr. Arriaga?

13         **MR. ARRIAGA:**  Yes, your Honor.

14         **THE COURT:**  And that's true also in your client's

15   case, Mr. Montalvo?  You've had that, your client's an American

16   citizen, right?

17         **MR. MONTALVO:**  Yes, your Honor.  He's an American

18   citizen.

19         **THE COURT:**  Mr. Garza, you had this conversation with

20   Ms. Lopez?

21         **MR. GARZA:**  Yes, your Honor.

22         **THE COURT:**  Do any of you need any further

23   explanation with regards to what the maximum possible

24   punishment in your case?  Mr. Torres?

25         **DEFENDANT TORRES:**  No, sir.

41

1          THE COURT:  Ms. Lopez?

2          DEFENDANT LOPEZ:  No.

3          THE COURT:  Mr. Robledo?

4          DEFENDANT ROBLEDO:  No, sir.

5          THE COURT:  And Mr. Hernandez?

6          DEFENDANT HERNANDEZ:  No, sir.

7          THE COURT:  Mr. Montalvo and Mr. Caceres, do you

8  understand that with regards to count number five, that in

9  order to find you guilty the government would have to prove at

10  trial by competent evidence and beyond a reasonable doubt, that

11  on or about March 31st of the year 2016, within the

12  jurisdiction of this Court, you had knowingly and intentionally

13  possessed with the intent to distribute a controlled substance

14  and or aided and abetted the possession with the intent to

15  distribute a controlled substance of 100 kilograms or more,

16  approximately 425 kilograms of a mixture or substance

17  containing a detectible amount of marijuana, a Schedule I

18  controlled substance; in violation of Title 21 U.S. Code

19  Sections 841(a)(1) and 841(b)(1)(B) and Title 18 United States

20  Code Section 2.  Do you understand that that's what they would

21  have to prove in order to find you guilty of the charge

22  contained against you in count five your indictment,

23  Mr. Montalvo?

24          DEFENDANT MONTALVO:  Yes, sir.

25          THE COURT:  Mr. Caceres?

42

1          **DEFENDANT CACERES:**  Yes, sir.

2          **THE COURT:**  The government is indicating that you

3    think this 5 to 40, is that right?

4          **MS. PROFIT:**  Yes, your Honor.  Because it's more than

5    100 kilograms, it's --

6          **THE COURT:**  But less than 1,000.

7          **MS. PROFIT:**  -- but less than 1,000.

8          **THE COURT:**  Do you know what the maximum possible

9    punishment is that I can impose on your case with regards to

10   the charge in count number five, Mr. Montalvo?

11         **DEFENDANT MONTALVO:**  Not really.

12         **THE COURT:**  You haven't, you've --

13         **DEFENDANT MONTALVO:**  No, I mean I have talked to him,

14   but, (indiscernible), okay.

15         **THE COURT:**  You do know what the maximum possible

16   punishment is, right?

17         **DEFENDANT MONTALVO:**  Yes, sir.

18         **THE COURT:**  Mr. Caceres, do you?

19         **DEFENDANT CACERES:**  Yes, sir.

20         **THE COURT:**  Does each one of you know, and

21   Mr. Montalvo and Mr. Caceres, based on count number five in

22   your case, that the maximum possible punishment can be up to 40

23   years imprisonment.  The least that the Court can impose is 5

24   years imprisonment.

25         In addition to all of this, the Court can impose a

1    fine of up to $5 million; the Court has to impose a $100

2    special assessment against you as required by law.  Also, at

3    the time of sentencing, if the Court incarcerates you, the

4    court can impose a, the Court has to impose, well, the Court

5    has to incarcerate you.  But, the Court will have to impose a

6    supervised release term in your case of at least 4 years, which

7    means that when you would be released from prison, you'd be

8    released under supervised release.  If you violate any

9    condition of supervised release, that term would be revoked and

10   you would serve that time in custody.

11          In addition to all of this, if the Court were to find

12   that you are financially able, the Court at the time of

13   sentencing, would have to impose the cost of incarceration and

14   supervised release supervision on you.

15          Do you understand all of that in your case,

16   Mr. Montalvo?

17          **DEFENDANT MONTALVO:**  Yes, sir.

18          **THE COURT:**  Mr. Caceres?

19          **DEFENDANT CACERES:**  Yes, sir.

20          **THE COURT:**  Do you need, do you need any further

21   explanation as to what the maximum possible punishment is in

22   your case, Mr. Montalvo?

23          **DEFENDANT MONTALVO:**  No, sir.

24          **THE COURT:**  Mr. Caceres?

25          **DEFENDANT CACERES:**  No, sir.

1          **THE COURT:**  The Court is going to find that each one

2   of these defendants understands the nature of the charges to

3   which they're pleas are offered, and certainly are aware of

4   what the maximum possible punishment is in each one of their

5   cases.

6          The next question is addressed to each one of you.

7   Have you and your attorney discussed, talked about the

8   sentencing guidelines, and what if any effect, they might have

9   with regards to your sentencing, Mr. Torres?

10          **DEFENDANT TORRES:**  Yes, sir.

11          **THE COURT:**  Ms. Lopez?

12          **DEFENDANT LOPEZ:**  Yes.

13          **THE COURT:**  Mr. Martinez?

14          **DEFENDANT MARTINEZ:**   Yes, your Honor.

15          **THE COURT:**  Mr. Robledo?

16          **DEFENDANT ROBLEDO:**  Yes, sir.

17          **THE COURT:**  Mr. Montalvo?

18          **DEFENDANT MONTALVO:**  Yes, sir.

19          **THE COURT:**  Mr. Caceres?

20          **DEFENDANT CACERES:**  Yes, sir.

21          **THE COURT:**  And Mr. Hernandez?

22          **DEFENDANT HERNANDEZ:**  Yes, sir.

23          **THE COURT:**  Do you understand that I will not be able

24   to determine what guideline sentence might apply in your case

25   until after a presentence report has been completed, and you

1    and the government have had an opportunity to object to that

2    report.  Do you understand that in your case, Mr. Torres?

3              **DEFENDANT TORRES:**  Yes, sir.

4              **THE COURT:**  Ms. Lopez?

5              **DEFENDANT LOPEZ:**  Yes.

6              **THE COURT:**  Mr. Martinez?

7              **DEFENDANT MARTINEZ:**   Yes, your Honor.

8              **THE COURT:**  Mr. Robledo?

9              **DEFENDANT ROBLEDO:**  Yes, sir.

10             **THE COURT:**  Mr. Montalvo?

11             **DEFENDANT MONTALVO:**  Yes, sir.

12             **THE COURT:**  Mr. Caceres?

13             **DEFENDANT CACERES:**  Yes, sir.

14             **THE COURT:**  And Mr. Hernandez?

15             **DEFENDANT HERNANDEZ:**  Yes, sir.

16             **THE COURT:**  Do you also understand that even after

17    there has been a determination as to what the applicable

18    guidelines sentence might be in your case, that based on all of

19    the factors that I have to consider under the law as to what

20    the appropriate sentence should be in your case, that I can

21    make the decision that any sentence up to the maximum possible

22    punishment as I explained to you could be the appropriate

23    sentence, regardless of what the guideline calculation might

24    be?  Do you understand that in your case, Mr. Torres?

25             **DEFENDANT TORRES:**  Yes, sir.

1          THE COURT:  Ms. Lopez?

2          DEFENDANT LOPEZ:  Yes.

3          THE COURT:  Mr. Martinez?

4          DEFENDANT MARTINEZ:   Yes, your Honor.

5          THE COURT:  Mr. Robledo?

6          DEFENDANT ROBLEDO:  Yes, sir.

7          THE COURT:  Mr. Montalvo?

8          DEFENDANT MONTALVO:  Yes, sir.

9          THE COURT:  Mr. Caceres?

10          DEFENDANT CACERES:  Yes, sir.

11          THE COURT:  And Mr. Hernandez?

12          DEFENDANT HERNANDEZ:  Yes.

13          THE COURT:  Do you also understand that in the

14   federal system there is no parole, and when you're sent to

15   prison you will have to serve the entire imprisonment and time

16   in custody?  And when you get released, you get released on

17   whatever supervised release term the Court might impose at the

18   time of sentencing.  Do you understand that, Mr. Torres?

19          DEFENDANT TORRES:  Yes, sir.

20          THE COURT:  Ms. Lopez?

21          DEFENDANT LOPEZ:  Yes.

22          THE COURT:  Mr. Martinez?

23          DEFENDANT MARTINEZ:   Yes, your Honor.

24          THE COURT:  Mr. Robledo?

25          DEFENDANT ROBLEDO:  Yes, sir.

47

1          **THE COURT:**  Mr. Montalvo?

2          **DEFENDANT MONTALVO:**  Yes, sir.

3          **THE COURT:**  Mr. Caceres?

4          **DEFENDANT CACERES:**  Yes, sir.

5          **THE COURT:**  And Mr. Hernandez?

6          **DEFENDANT HERNANDEZ:**  Yes, sir.

7          **THE COURT:**  The Court is going to find that each one

8  of these defendants is aware of the sentencing guidelines, to

9  have a full discussion with his or her attorney about them.

10         In your own case, has anybody threatened you or

11 forced you to plead guilty, or told you that if you did not

12 plead guilty further charges or some other action will be

13 brought against you?  Mr. Torres?

14         **DEFENDANT TORRES:**  No, it's already been explained.

15         **THE COURT:**  The question is has anybody threatened

16 you or forced you to plead guilty, or told you that if you did

17 not plead guilty, further charges or some other action will be

18 brought against you, Mr. Torres?

19         **DEFENDANT TORRES:**  No one has threatened me.

20         **THE COURT:**  Ms. Lopez?

21         **DEFENDANT LOPEZ:**  No.

22         **THE COURT:**  Mr. Martinez?

23         **DEFENDANT MARTINEZ:**  No, sir.

24         **THE COURT:**  Mr. Robledo?

25         **DEFENDANT ROBLEDO:**  No, sir.

1          **THE COURT:**  Mr. Montalvo?

2          **DEFENDANT MONTALVO:**  No, sir.

3          **THE COURT:**  Mr. Caceres?

4          **DEFENDANT CACERES:**  No, sir.

5          **THE COURT:**  Mr. Hernandez?

6          **DEFENDANT HERNANDEZ:**  No, sir.

7          **THE COURT:**  Is there a plea agreement as a result of

8    discussions between the government and the defense attorney in

9    any one of these cases?

10         **MS. PROFIT:**  Yes, your Honor.  There is a plea

11   agreement in each of these cases.  And generally, the plea

12   agreement provides that the defendant agrees to plead guilty to

13   a count of the indictment, the government will recommend that

14   the offense level decrease by two levels pursuant to United

15   States Sentencing Guideline 3E1.1(a), if the defendant clearly

16   demonstrates acceptance of responsibility.  And that the

17   remaining counts of the indictment be dismissed at the time of

18   sentencing.

19         With respect to Ms. Lopez-Perez, the government also

20   will recommend that she receive a minimal role, and that the

21   government recommends that the defendant not be held

22   accountable for the gun found in a box in a closet of her home,

23   and that also, that the remaining counts of the indictment will

24   be dismissed.

25         **THE COURT:**  That's only as to Ms. Lopez?

49

1            **MS. PROFIT:**  That's only as to, I mean, the remaining

2   counts of the indictment are as to everyone.  But those others

3   with respect to minimal role and our recommendation with

4   respect to the gun is only as to Ms. Lopez.

5            **THE COURT:**  Okay.  As stated as to your client,

6   Mr. Garcia, is this the plea agreement?

7            **MR. GARCIA:**  It is, your Honor.

8            **THE COURT:**  Mr. Torres, as stated as to you, is this

9   correct?

10           **DEFENDANT TORRES:**  Which one?

11           **THE COURT:**  The one that she just explained.  Was

12  that your plea agreement with the government?

13           **DEFENDANT TORRES:**  Yes.

14           **THE COURT:**  Mr. Garza, for your client, is this

15  correct?

16           **MR. GARZA:**  Yes, your Honor.

17           **THE COURT:**  Ms. Lopez, as stated as to you, is this

18  your plea agreement for yourself?

19           **DEFENDANT LOPEZ:**  Yes.

20           **THE COURT:**  Mr. Quintanilla, for your client, is that

21  the plea agreement?

22           **MR. QUINTANILLA:**  It is, your Honor.

23           **THE COURT:**  Mr. Martinez, is that your plea agreement

24  with the government?

25           **DEFENDANT MARTINEZ:**   Yes, sir it is.

50

1            THE COURT:  Mr. Montalvo, the lawyer, as to your

2   client, is that the plea agreement?

3            MR. MONTALVO:  Yes, your Honor.

4            THE COURT:  Mr. Robledo, is that correct?

5            DEFENDANT ROBLEDO:  Yes, sir.

6            THE COURT:  Mr. Barroso, as to your client, is that

7   the plea agreement?

8            MR. BARROSO:  It is, your Honor.

9            THE COURT:  Mr. Montalvo, is that correct, sir?

10           DEFENDANT MONTALVO:  Yes, sir.

11           THE COURT:  Mr. Mulder, with regards to your client,

12   is this the plea agreement?

13           MR. MULDER:  Yes, your Honor.

14           THE COURT:  Mr. Caceres, is that correct?

15           DEFENDANT CACERES:  Yes, sir.

16           THE COURT:  Mr. Arriaga, as to your client, is this

17   the plea agreement?

18           MR. ARRIAGA:  Yes, your Honor.

19           THE COURT:  Mr. Hernandez, is this correct?

20           DEFENDANT HERNANDEZ:  Yes.

21           THE COURT:  In your own case, has anybody made any

22   promise to you, other than your plea agreement, that is making

23   you plead guilty?  Mr. Torres?

24           DEFENDANT TORRES:  No one has promised me anything.

25           THE COURT:  Ms. Lopez?

1          **DEFENDANT LOPEZ:**  No.

2          **THE COURT:**  Mr. Martinez?

3          **DEFENDANT MARTINEZ:**   No, sir.

4          **THE COURT:**  Mr. Robledo?

5          **DEFENDANT ROBLEDO:**  No, sir.

6          **THE COURT:**  Mr. Montalvo?

7          **DEFENDANT MONTALVO:**  No, sir.

8          **THE COURT:**  Mr. Caceres?

9          **DEFENDANT CACERES:**  No, sir.

10          **THE COURT:**  And Mr. Hernandez?

11          **DEFENDANT HERNANDEZ:**  No, sir.

12          **THE COURT:**  Has anybody made any prediction or tried

13   to tell you, or promise you the exact sentence that I will

14   impose in your case?  Mr. Torres?

15          **DEFENDANT TORRES:**  No, sir.

16          **THE COURT:**  Ms. Lopez?

17          **DEFENDANT LOPEZ:**  No.

18          **THE COURT:**  Mr. Martinez?

19          **DEFENDANT MARTINEZ:**   No, your Honor.

20          **THE COURT:**  Mr. Robledo?

21          **DEFENDANT ROBLEDO:**  No, sir.

22          **THE COURT:**  Mr. Montalvo?

23          **DEFENDANT MONTALVO:**  No, sir.

24          **THE COURT:**  Mr. Caceres?

25          **DEFENDANT CACERES:**  No, sir.

1          **THE COURT:**  And Mr. Hernandez?

2          **DEFENDANT HERNANDEZ:**  No, sir.

3          **THE COURT:**  And you do realize that I don't have to

4    follow the plea agreement?  Even though this is filed in

5    writing by you and the government together with the Court, I

6    don't have to follow any of it.  In fact, if I find it

7    appropriate, I can sentence you up to the maximum possible

8    punishment as I explained it to you, and you will not be able

9    to take your guilty plea back.  The only exception to that were

10   to be if I were to decide not to dismiss the other charges

11   against you.  I will tell you in open court at the time of

12   sentencing that I didn't plan to do that.  And at that point,

13   and only for that reason, you could take your guilty plea back.

14   But even then, you could still continue to plead guilty, but

15   obviously, the outcome of your case might be less favorable to

16   you than that proposed in the plea agreement.  Do you

17   understand that, Mr. Torres?

18          **DEFENDANT TORRES:**  Yes, sir.

19          **THE COURT:**  Ms. Lopez?

20          **DEFENDANT LOPEZ:**  Yes.

21          **THE COURT:**  Mr. Martinez?

22          **DEFENDANT MARTINEZ:**   Yes, your Honor.

23          **THE COURT:**  Mr. Robledo?

24          **DEFENDANT ROBLEDO:**  Yes, sir.

25          **THE COURT:**  Mr. Montalvo?

 1             **DEFENDANT MONTALVO:**  Yes, sir.

 2             **THE COURT:**  Mr. Caceres?

 3             **DEFENDANT CACERES:**  Yes, sir.

 4             **THE COURT:**  And Mr. Hernandez?

 5             **DEFENDANT HERNANDEZ:**  Yes, sir.

 6             **THE COURT:**  The Court is going to find that each one

 7  these pleas is voluntary and not the result of any force, or

 8  threat, or promise, other than that recited in their plea

 9  agreements.

10             But, knowing everything that I've explained to you,

11  do you still want to plead guilty?  Mr. Torres?

12             **DEFENDANT TORRES:**  Yes, sir.

13             **THE COURT:**  Ms. Lopez?

14             **DEFENDANT LOPEZ:**  Yes.

15             **THE COURT:**  Mr. Martinez?

16             **DEFENDANT MARTINEZ:**   Yes, your Honor.

17             **THE COURT:**  Mr. Robledo?

18             **DEFENDANT ROBLEDO:**  Yes, sir.

19             **THE COURT:**  Mr. Montalvo?

20             **DEFENDANT MONTALVO:**  Yes, sir.

21             **THE COURT:**  Mr. Caceres?

22             **DEFENDANT CACERES:**  Yes, sir.

23             **THE COURT:**  And Mr. Hernandez?

24             **DEFENDANT HERNANDEZ:**  Yes, sir.

25             **THE COURT:**  I'm at the point now where I'm going to

1    ask the government's attorney to state the facts in each one of

2    your cases that she and the government claim there are.   The

3    reason that I want you to listen closely is because when she's

4    finished, I'm going to ask you if what she said about you was

5    true, or if there is any part of what she said about you that

6    was not true.   Can we start with Ms. Lopez, because she's only

7    in one count?

8            **MS. PROFIT:**   Okay.   On October 7th, 2015, Guillermo

9    Morales had approximately 10 kilograms of cocaine delivered to

10   his stepson's house, which would be Erick Alan Torres Davila,

11   at 5621 Sepal Street.   The stepson, Erick Torres Davila, took

12   the cocaine inside the residence and repackaged it.   He then

13   left the residence.   DEA agents then received information from

14   a confidential source that there was activity at 5621 Sepal

15   Street that was consistent with narcotic trafficking.

16           DEA agents went to the house where they met with

17   Elizabeth Lopez-Perez and requested permission to search the

18   house.   A dog alerted to a lower kitchen cabinet, and agents

19   found packaging material with cocaine residue in the trash can.

20   Agents also found additional packaging material, a money

21   counter, and a large amount of cash.   After being Mirandized,

22   Ms. Lopez initially claimed to have not seen her husband in

23   several days, even though he had just recently left the

24   residence, and claimed, falsely, that he was living in a hotel.

25           Ms. Lopez had custody and control of the vehicle

1   parked in the driveway at 5621 Sepal Street that contained

2   approximately 42 kilograms of cocaine, by virtue of the fact

3   that she had custody and control of the premises.

4           **THE COURT:**  That she had custody and control of the

5   what at the end?

6           **MS. PROFIT:**  She had custody and control of the

7   premises, your Honor.  She had the house, she had custody and

8   control of the house **--**

9           **THE COURT:**  Okay.  And did she know that **--**

10          **MS. PROFIT:**  **--** and she had custody and control of

11  the vehicle that was parked in the driveway.

12          **THE COURT:**  **--** okay.  And now are you also saying

13  that she knew there was cocaine there?

14          **MS. PROFIT:**  Yes, the government is saying that she

15  knew that there was cocaine, and that the cocaine was packaged

16  in the house.  And she knew that by virtue of the fact that the

17  cocaine packaging and residue were found in the kitchen.

18          **THE COURT:**  Only women go to the kitchen, or what's

19  the purpose of that statement?

20          **MS. PROFIT:**  No, your Honor.  It's not that only, I'm

21  not being sexist.  It's not that only women go into the

22  kitchen, but that the cocaine residue was there and that the 10

23  kilos had been repackaged there.

24          **THE COURT:**  Ms. Lopez, you heard what she's saying

25  are the facts in your case.  Is what she said about you true?

1          **DEFENDANT LOPEZ:**  No.

2          **THE COURT:**  What's not true?

3          **DEFENDANT LOPEZ:**  I did not have access to the car,

4   and I didn't know it was there.  I didn't know that the drugs

5   were there.  And I didn't know that there were residue on the

6   plastic, nor did I know that there was money.

7          **THE COURT:**  Well, then how is your client pleading

8   guilty?  She's saying she didn't know there was a controlled

9   substance there.  She had no idea the money was there.  So,

10  what's she, how can she plead guilty here, Mr. Garza?

11         **MR. GARZA:**  Judge, Ms. Lopez was aware of what her

12  husband was involved.

13         **THE COURT:**  Well, that would be a misprision of a

14  felony.  That's not what she's charged here.  She's charged

15  with being in possession with the intent to distribute.  And

16  misprision would have to be that she actually knew there was a

17  felony being committed, and she didn't make any effort, and in

18  fact, did something to sure that it wasn't found.

19         But, she's pleading guilty to possession with the

20  intent to distribute, not a misprision of a felony where she

21  didn't report it and took some positive step not to report it.

22         **MS. PROFIT:**  She took positive steps, your Honor,

23  because she specifically lied to the agents about when her

24  husband had been there **--**

25         **THE COURT:**  Okay.  But, that doesn't make her guilty

1    of possession with the intent to distributes cocaine.

2         **MS. PROFIT:**  **--** your Honor, there was $24,000 that

3    was found in the, in a box on the top of the dresser that was

4    used by both parties.  In addition to that **--**

5         **THE COURT:**  She's, I'm not interested in what you're

6    claiming here, I'm interested in what she's willing to admit.

7    She's not willing to admit that she knew that the drugs were

8    there.  She's pleading guilty to this 10 year mandatory

9    minimum, but she says I didn't know anything about the drugs.

10   So, Mr. Garza, how do I take a guilty plea from her?

11        **MR. GARZA:**  It's been a very difficult case to try to

12   work out a plea agreement.  I've discussed it **--**

13        **THE COURT:**  Well, this isn't a question of plea

14   agreement, this is a question of convincing the Court that

15   she's willing to admit to facts that she committed this.  I

16   cannot take a guilty plea from somebody that is not willing to

17   admit the facts.  And so far she's saying I didn't know the

18   drugs were there, and I didn't possess them.  There's a

19   difference between knowing that somebody's committing a crime

20   and actually being participating in the crime itself.  And you

21   might know that somebody's committing a crime, but that doesn't

22   even make you guilty of misprision unless you took a step to

23   make sure that the person wasn't discovered.

24        And so, how am I supposed to take your client's plea

25   if she says she doesn't, didn't know about it?  Did you know

1    about the drugs and whether the cocaine was there?

2         **DEFENDANT LOPEZ:**  No.

3         **THE COURT:**  So, she, she can't plead guilty.  We

4    obviously have to put her, set her for trial here.

5         **MR. GARZA:**  And we're ready to go **--**

6         **THE COURT:**  Did you have this discussion with her,

7    Mr. Garza?

8         **MR. GARZA:**  **--** Judge, I have for many months.  And

9    she doesn't want to take it to trial.  And so **--**

10        **THE COURT:**  Well she can't, I cannot take a guilty

11   plea from somebody that says I didn't know there was a

12   controlled substance there other than the fact I just happened

13   to live there.  And she's not willing to admit that.  And if

14   she can't admit that, she's not guilty.

15        **MR. GARZA: --** yes, your Honor.

16        **THE COURT:**  Do you understand that, Ms. Lopez?

17        **DEFENDANT LOPEZ:**  Yes, but I don't want to go to

18   trial.

19        **THE COURT:**  Well, I don't care if you don't want to

20   go trial, but the fact is, I can't take your guilty plea

21   because I cannot find, as a matter of law, that you were guilty

22   of this offense.  It isn't that just somebody has to plead

23   guilty, I have to be convinced that you're willing to admit the

24   facts under oath that make you guilty, because I cannot take a

25   guilty plea from somebody who is not guilty under the law.  And

1  so far you're telling me, I didn't know there was any, any

2  controlled substance, I didn't know there were 42 kilograms of

3  cocaine.  So therefore, how could you plead guilty of

4  possessing with the intent to distribute them if you didn't

5  know that?

6      **(Pause)**

7      **DEFENDANT LOPEZ:**  You're telling me not to lie, and

8  I'm not lying.  But I just don't want to go to trial, because

9  of the time, because if I lose, I will not see my children.

10     **THE COURT:**  Well, do you have any idea how much time

11 you're going to spend in custody if you plead guilty to this

12 offense  that you're not going to be with your children?  Do

13 you think that you're just going to get off on, this is a

14 mandatory minimum of 5 years to 40 years in prison.

15     **(Pause)**

16     **DEFENDANT LOPEZ:**  We have an agreement with the

17 prosecution to refuse place, and the time would be minimal, in

18 comparison, if I lose in a trial.

19     **THE COURT:**  Well, I'm sorry, I can't take her guilty

20 plea, Mr. Garza.  She's not willing to admit the facts here,

21 she's not guilty, I cannot take her guilty plea if she's not

22 guilty.

23     **MR. GARZA:**  Yes, your Honor.

24     **THE COURT:**  And she's not willing to admit the facts

25 here other than I just don't want to be in prison anymore.  And

1    that's not sufficient.

2           **MR. GARZA:**  Yes, your Honor.

3           **THE COURT:** Okay.  And so, she's going to be included

4    in the group, I take it, you're not opposed to the motion for

5    continuance for those that are continuing.

6           **MR. GARZA:**  No, I'm not opposed.

7           **THE COURT:**  Okay.  You all can be excused.

8      **(Pause)**

9           **THE COURT:**  Let's go ahead and go on with regards to

10   Mr. Montalvo and Mr. Caceres, with regards to count number

11   five.

12          **MS. PROFIT:**  Your Honor, on count one.

13          **THE COURT:**  No, count number five.

14          **MS. PROFIT:**  Oh, I'm sorry.

15          **THE COURT:**  Mr. Montalvo and Mr. Caceres.

16          **MS. PROFIT:**  In March of 2016 **--**

17          **THE COURT:**  And I hope you all understand that the

18   Court cannot legally take a guilty plea from somebody that

19   doesn't admit the facts.

20          **MS. PROFIT:**  **--** your Honor, I understand.  There's

21   been a lot of discussions, the government has  **--**

22          **THE COURT:**  Well the discussion today was that she

23   was quite clear that she could not admit those facts.

24          **MS. PROFIT:**  **--** and the government has reason to

25   dispute her opinion, for lack of a better way of wording it,

1  which is not a good way of wording it.  But at any rate, we

2  just have reason to dispute it

3          **THE COURT:**  Well, her attorney says she's telling the

4  truth in what she's saying, and so I can't really take anything

5  else.

6          **MS. PROFIT:**  I understand that, your Honor.

7          **THE COURT:**  We don't have a system here where people

8  just come and say I'm guilty.  That's why we have laws in this

9  country.

10         **MS. PROFIT:**  I understand that as well, your Honor.

11         **THE COURT:**  Okay.  Let's go on with the rest of

12  Mr. Montalvo and Mr. Caceres with regards to count number five.

13         **MS. PROFIT:**  In March of 2016, Jesus Remedios

14  Manqueros (phonetic) entered into negotiations with someone,

15  who unbeknownst to him, was an undercover officer with the

16  Dallas Police Department.  These negotiates concerned the

17  purchase of approximately **--**

18         **THE COURT:**  Who was, who did the negotiating?

19         **MS. PROFIT:**  **--** an undercover officer with the Dallas

20  Police Department, your Honor.

21         **THE COURT:**  Okay.

22         **MS. PROFIT:**  These negotiations concerned the

23  purchase of approximately 500 pounds of marijuana.  On March

24  31st, 2016, Anthony Ray Sanchez, Olemar Montalvo, and Erick

25  Caceres-Coleman, were observed by Dallas police officers

1    helping Jesus Remedios Manqueros at his residence, loading

2    bundles into Manqueros' Avalanche.  Manqueros and Eric Caceres-

3    Coleman, then drove to the location where they were to meet

4    with the Dallas undercover officer.  Olemar Montalvo,

5    accompanied by Anthony Ray Sanchez, followed the Manqueros load

6    vehicle.

7            Once at the storage unit, while Manqueros met with

8    the undercover officer, Sanchez and Caceres --

9            **THE COURT:**  While who met with them?

10           **MS. PROFIT:**  -- Mr. Manqueros, your Honor, he plead

11   guilty earlier.

12           **THE COURT:**  Go ahead.

13           **MS. PROFIT:**  Sanchez and Caceres-Coleman began

14   offloading the marijuana from the Avalanche into the storage

15   unit.  Olemar Montalvo provided surveillance as they unloaded.

16   The total amount of the marijuana recovered from the storage

17   unit was 508.2 pounds.  The Dallas Police Department conducted

18   a search of Manqueros' residence where an additional 500 pounds

19   of marijuana was recovered.  The marijuana was transported to

20   Manqueros from the Southern District of Texas, in Dallas.  The

21   marijuana originated as part of this conspiracy here, your

22   Honor.

23           **THE COURT:**  So, that's it?

24           **MS. PROFIT:**  That's it.

25           **THE COURT:**  And the total amount of marijuana was?

63

1   More than 100 kilograms.

2   **MS. PROFIT:**  More than 100 kilograms, yes your Honor.

3   **THE COURT:**  Mr. Montalvo, you heard from the

4   government the stating of the facts in your case.  Is what she

5   said about you true?

6   **DEFENDANT MONTALVO:**  Somewhat, yes, sir.

7   **THE COURT:**  What's not true?

8   **DEFENDANT MONTALVO:**  Anthony wasn't with me when we

9   were driving.  And I wasn't loading anything.  I didn't help

10  them unload or load anything on to the truck.  I just ended up,

11  basically, being a lookout.  I just **--**

12  **THE COURT:**  Surveillance.

13  **DEFENDANT MONTALVO:**  **--** yes, sir.

14  **THE COURT:**  And you knew what you were being a

15  lookout for, and that you were participating in it?

16  **DEFENDANT MONTALVO:**  Yeah, well, at the end, yeah.

17  **THE COURT:**  Okay.  Where do you get the information

18  that he loaded and unloaded?

19  **MS. PROFIT:**  Your Honor, the police report would have

20  identified him as being one of the ones that they had

21  identified or observed as loading it.  In terms of his, after

22  the fact statements, he described to David Martinez what his

23  role was in the sense that he had gone, and he had followed

24  them, and he was providing surveillance.  He also had a weapon,

25  your Honor.

1          **THE COURT:**  So, you're in agreement that you did

2     participate in this from the standpoint of surveillance?

3          **DEFENDANT MONTALVO:**  Just as surveillance, sir.  Yes,

4     sir.

5          **THE COURT:**  To make, and that you knew what was going

6     on, and that you aided and abetted the commission of this

7     offense by helping as far as surveillance?

8          **DEFENDANT MONTALVO:**  Yes, sir.

9          **THE COURT:**  And Mr. Caceres, is what she said about

10    you true?

11         **DEFENDANT CACERES:**  Yes, sir.

12         **THE COURT:**  Was there any part that was not true?

13         **DEFENDANT CACERES:**  No, sir.

14         **THE COURT:**  So, in your own case, on or about, both

15    of you, March 31st of the year 2016, you did knowingly and

16    intentionally possess with the intent to distribute, and or aid

17    and abet the possession with the intent to distribute a

18    controlled substance.  And that the controlled substance was

19    100 kilograms or more, that is approximately 425 kilograms of a

20    mixture or substance containing, whether it was more than 100

21    kilograms of marijuana.  Is that correct in your case,

22    Mr. Montalvo?

23         **DEFENDANT MONTALVO:**  Yes, sir, which was the 500

24    pounds.

25         **THE COURT:** Well, more than 100 kilograms.

1    Mr. Caceres?

2           **DEFENDANT CACERES:**  Yes, sir.

3           **THE COURT:**  And to commit this offense, you aided and

4    abetted the commission of this offense, Mr. Caceres by helping

5    load the marijuana into the vehicle that it was going to be

6    going for, or load it to a particular location where it was

7    going to be kept for further distribution, is that correct?

8           **DEFENDANT CACERES:**  Yes, sir.

9           **THE COURT:**  And Mr. Montalvo, in your case, you aided

10   and abetted the commission of this offense by agreeing that you

11   would provide surveillance to make sure that this occurred

12   while this was, the loading and unloading was happening, as it

13   was being loaded and unloaded for further distribution, is that

14   correct?

15          **DEFENDANT MONTALVO:**  Yes, sir.

16          **THE COURT:**  And each one of you knew what you were

17   doing was illegal and no one forced you to do it?  You did it

18   of your own free will, Mr. Montalvo?

19          **DEFENDANT MONTALVO:**  Yes, sir.

20          **THE COURT:**  Mr. Caceres?

21          **DEFENDANT CACERES:**  Yes, sir.

22          **THE COURT:**  Okay.  Let's go on with regards to

23   Mr. Torres, Mr. Martinez, Mr. Robledo, and Mr. Hernandez with

24   regards to count number one.

25          **MS. PROFIT:**  Beginning sometime in February, 2013,

1    and continuing to on or about October of 2016, the defendants

2    Erick Alan Torres Davila, David Martinez, Efrain Robledo, and

3    Hector Hernandez-Cardenas, entered into an agreement to

4    distribute more than 5 kilograms of cocaine.

5            In furtherance of this agreement, on October 7th,

6    2015, Alan Torres Davila stored 42 kilograms of cocaine in a

7    vehicle at his residence, at 5621 Sepal Street in Edinburgh,

8    Texas.  Later that day, DEA seized 42 kilograms of cocaine from

9    the vehicle.  Erick Torres Davila had intended to distribute

10   the cocaine along with Guillermo Morales.

11           In furtherance of this agreement on April 11th, 2016,

12   Erick Alan Torres Davila agreed and arranged to pick up

13   approximately 13 kilograms of cocaine from Amairani Flores,

14   also known as Lizzette.  Erick Alan Torres Davila picked up the

15   cocaine from Amairani Flores, and then gave the cocaine to

16   Mario Gonzalez, who was later stopped by DPS and the cocaine

17   was seized.

18           In furtherance of this agreement, in April of 2016,

19   Efrain Robledo supplied approximately 40 kilograms of cocaine

20   to Guillermo Morales, Erick Alan Torres Davila, and Hector

21   Hernandez-Cardenas, which they agreed to store at Elmer Macario

22   Ramos' ranch in Weslaco.

23           In furtherance of this agreement, Hector Hernandez-

24   Cardenas agreed to pick up approximately 40 kilograms of

25   cocaine from the location known as the pool halls and to

1    deliver it to Elmer Macario's stash house in Weslaco.  Hector

2    Hernandez-Cardenas was followed by law enforcement as he

3    delivered the additional cocaine to the ranch.  Pursuant to a

4    search warrant, Texas DPS searched the ranch location and

5    approximately 215 kilograms of cocaine were recovered.

6            In furtherance of this agreement, Guillermo Morales

7    provided cocaine to David Martinez, who supplied it to Oscar

8    Tanguma and Andres Martinez, who would recruit drivers to drive

9    the cocaine to various locations.  In April of 2016, Norberto

10   Cantu drove 7 kilograms of David Martinez's cocaine to Memphis,

11   Tennessee, where it was seized by the Memphis Police

12   Department.

13           On May 12th, 2016, 4 kilograms of cocaine belonging

14   to David Martinez, but that had been to Oscar Tanguma were

15   seized from a driver in Kingsville, Texas.

16           **THE COURT:**  Mr. Torres, you heard what the government

17   is saying are the facts in your case.  Is what she said about

18   you true?

19           **DEFENDANT MARTINEZ:**   (Speaking Spanish)

20           **THE COURT:** Hold on, I'm starting with Mr. Torres.

21           **DEFENDANT TORRES:**  Yes, sir.

22           **THE COURT:**  Was there any part that was not true?

23           **DEFENDANT TORRES:**  I don't think so.

24           **THE COURT:**  Well, that's not a question of think so.

25   Was there any part that was not true?

1          **DEFENDANT TORRES:**  Nothing's false, not true.

2          **THE COURT:**  Mr. Martinez, is what she said about you

3     true?

4          **DEFENDANT MARTINEZ:**   It is correct, your Honor.

5          **THE COURT:**  Is there any part that was not true?

6          **DEFENDANT MARTINEZ:**   No, sir.

7          **THE COURT:**  Mr. Robledo, is what she said about you

8     true?

9          **DEFENDANT ROBLEDO:**  Yes, sir.

10          **THE COURT:**  Is there any part that was not true?

11          **DEFENDANT ROBLEDO:**  No, sir.

12          **THE COURT:**  Mr. Hernandez, is what she said about you

13     true?

14          **DEFENDANT HERNANDEZ:**  Yes, sir.

15          **THE COURT:**  Is there any part that was not true?

16          **DEFENDANT HERNANDEZ:**  No.

17          **THE COURT:**  So, on or about, from on or about

18     February 2013 to sometime of November 1st, of 2016, each one of

19     you, within the jurisdiction of this Court, and that's

20     Mr. Torres, Mr. Martinez, Mr. Robledo, and Mr. Hernandez, you

21     did knowingly and intentionally conspire and agree with at

22     least one other individual to possess with the intent to

23     distribute a controlled substance, namely 5 kilograms or more

24     of a mixture or substance containing a detectible amount of

25     cocaine, a Schedule II controlled substance and or 50 grams or

1    more of methamphetamine, a Schedule II controlled substance,

2    and or 100 kilograms or more of a mixture or substance

3    containing a detectible amount of marijuana, a Schedule I

4    controlled substance.  Is that correct in your case,

5    Mr. Torres?

6            **MR. GARCIA:**  Your Honor, on behalf of Mr. Torres, I

7    do want to put on the record that we don't agree, nor do we

8    stipulate, that Mr. Torres had knowledge of the 215 kilos that

9    were found at the ranch.

10           **THE COURT:**  But, he is agreed, that he, you have

11   mixed different amounts here in this count number one of the

12   indictment.

13           **MS. PROFIT:**  Your Honor --

14           **THE COURT:**  You have some that are 5 to 40, and then

15   you have other that are --

16           **MS. PROFIT:**  -- your Honor, each of these --

17           **THE COURT:**  -- and I gave them the instruction with

18   regards to 10 to life.

19           **MS. PROFIT:**  -- and he is 10 to life, your Honor.  He

20   admits to the 42 kilograms.

21           **THE COURT:**  Okay.  Is there somebody that is not 10

22   to life?  They've all admitted that they understood that this

23   was --

24           **MS. PROFIT:**  There's no one in this group --

25           **THE COURT:**  -- and, and, I think you were talking

1    that every single one of them is involved in 5 kilograms or

2    more of cocaine.

3            **MS. PROFIT:**  -- that's correct, your Honor.

4            **MR. GARCIA:**  We did agree to that.

5            **MS. PROFIT:**  Each --

6            **THE COURT:**  Everybody has agreed to that, that has

7    plead guilty to count number one.

8            **MR. GARCIA:**  As to my client, yeah.  Yes, your Honor.

9            **THE COURT:**  It's just that this indictment is written

10   in a certain way with regards to other drugs, but I didn't hear

11   any of the other drugs mentioned in the fact pattern that she

12   gave for the people who plead to count number one.

13           **MS. PROFIT:**  -- to simplify it I dealt with the

14   cocaine, your Honor.

15           **THE COURT:**  Well, this was not simplified, but go

16   ahead.

17           **MS. PROFIT:**  Well, I dealt with the cocaine.

18   Mr. Martinez was involved with the methamphetamine with Efrain

19   Dimas Lopez.  But at any rate, your Honor, each of these

20   defendants was involved with more than 5 kilograms of cocaine

21   that was seized.  Which has said nothing to the amount that

22   were not seized but were being transported.

23           **THE COURT:**  Mr. Torres, is what she said about you

24   true?

25           **DEFENDANT TORRES:**  Yes.

1          **THE COURT:**  Is there any part that was not true?

2          **DEFENDANT TORRES:**  No.

3          **THE COURT:**  Mr. Martinez, is what she said about you

4   true?

5          **DEFENDANT MARTINEZ:**   Yes, your Honor.

6          **THE COURT:**  Was there any part that was not true?

7          **DEFENDANT MARTINEZ:**   No, your Honor.

8          **THE COURT:**  Mr. Robledo, is what she said about you

9   true?

10          **DEFENDANT ROBLEDO:**  Yes, sir.

11          **THE COURT:**  Is there any part that was not true?

12          **DEFENDANT ROBLEDO:**  No, sir.

13          **THE COURT:**  Mr. Hernandez, is what she said about you

14   true?

15          **DEFENDANT HERNANDEZ:**  Yes.

16          **THE COURT:**  Was there any part that was not true?

17          **DEFENDANT HERNANDEZ:**  No.

18          **THE COURT:**  So, to further this conspiracy each one

19   of you, of possessing with the intent to distribute 5 kilograms

20   or more of a mixture or substance of cocaine, Mr. Torres, you

21   did agree at one point to store, at your residence, to further

22   this conspiracy, approximately 42 kilograms of cocaine.  And

23   then at one point, it was put on a vehicle for further

24   distribution.  Is that correct?

25          **MS. PROFIT:**  It was put --

1          **DEFENDANT TORRES:**  From the beginning it was in the

2    vehicle.  I never put it inside the house.

3          **THE COURT:**  You mentioned 42 kilograms stored at

4    residence.

5          **MS. PROFIT:  --** well, your Honor, it was 42, the

6    vehicle was in the driveway of the residence.  He disputes the

7    fact that 10 kilograms of cocaine were delivered to that

8    residence that day and that there were 10, there were wrappings

9    for 10 kilograms of cocaine, with cocaine residue.  He's

10   disputing that.  But the evidence **--**

11         **THE COURT:**  So what is he admitting here?  I mean, I

12   don't **--**

13         **MS. PROFIT:  --** he's admitting to **--**

14         **THE COURT:  --** understand how you all come here and

15   just say, this is it, but you **--**

16         **MS. PROFIT:  --** he's admitting to **--**

17         **THE COURT:  --** figure out what they're willing to

18   admit at the time of the guilty plea.

19         **MS. PROFIT:  --** he admitted to the fact that there

20   were 42 kilograms of cocaine, it was seized **--**

21         **THE COURT:**  I'm not asking you what he, I just want

22   to know what it is you say, why don't you repeat the facts for

23   him again?

24         **MS. PROFIT:**  On October 7th, 2015, Erick Alan Torres

25   Davila stored 42 kilograms of cocaine in a vehicle in his, on

1    his, in his, at his residence at 5621 Sepal Street in

2    Edinburgh, Texas.

3              **THE COURT:**  Okay.  Is what she said about you true?

4              **DEFENDANT TORRES:**  Yes, sir.

5              **THE COURT:**  Okay.  So, the confusion on your part

6    was, that it was at your residence, but it was really in a

7    vehicle, in the garage of your residence as opposed to inside

8    the residence.

9              **MS. PROFIT:**  It wasn't in the **--**

10             **MR. GARCIA:**  In the driveway.

11             **DEFENDANT TORRES:**  In the driveway.

12             **THE COURT:**  In the driveway of the residence.  I

13   mean, does that really make much of a difference?

14             **MR. GARCIA:**  It does make a difference, your Honor,

15   because we've been going for months.  So the Court understands,

16   we've been going for months with the government as to whether

17   there was wrapping or unwrapping inside the home.  They found

18   wrapping inside the home.  That's where the dispute arises,

19   whether he was breaking down drugs inside the home.  My

20   client **--**

21             **THE COURT:**  Does that really matter, he's

22   admitting **--**

23             **MR. GARCIA:**  I agree.

24             **THE COURT:**  **--** that he had 42 kilograms **--**

25             **MR. GARCIA:**  I agree.

1          **THE COURT:  --** of cocaine.

2          **MR. GARCIA:** I agree. I agreed.  He could plead to

3     just 5 or more, and we could deal with this, make it a

4     sentencing issue.

5          **THE COURT:** Okay.  Just go ahead and repeat what

6     you're saying with regards to him.

7          **MS. PROFIT:  --** okay.  So, then we're over the 42

8     kilograms.  On April 11th, 2016, he picked up approximately 13

9     kilograms of cocaine from Amairani Flores, also known as

10    Lizette.  Then, in April of 2016, he was involved with the 40

11    kilograms of cocaine that were delivered to Guillermo Morales,

12    Erick Alan Torres Davila, and Hector Hernandez-Cardenas.  Those

13    were the ones that were going to be stored at Elmer Macario

14    Ramos' ranch in Weslaco.

15         **THE COURT:** Okay.  He's pleading to a conspiracy.

16         **MS. PROFIT:** Right.

17         **THE COURT:** So, your claim is that he agreed with

18    other individuals to participate with this.  Is that right?

19         **MS. PROFIT:** That's correct, your Honor

20         **THE COURT:** Okay.  Mr. Torres, is what she said about

21    you true?

22         **DEFENDANT TORRES:** Yes, but I think there's a mistake

23    there, because the 13 kilos were not going to be held at the

24    ranch.

25         **MS. PROFIT:** I didn't say that your Honor.  I said

1    that there were 40 kilos that were going to be held at the

2    ranch.  The 13 kilos were with Lizette, and he gave them to

3    Mario Gonzalez, and they were seized by DPS.

4         **THE COURT:**  Okay.  Is that true?

5         **(Pause)**

6         **DEFENDANT TORRES:**  Yes, sir.

7         **THE COURT:**  Okay.  And remember, this is a

8    conspiracy.  So, you have to indicate that there's other

9    individuals; that it wasn't just him.  And that he had agreed

10   to do all of these things with somebody else.

11        **MS. PROFIT:**  Yes, your Honor, and he had agreed --

12        **THE COURT:**  And you've done that Mr. Torres, is that

13   correct?  From on or about these dates in February 2013 to

14   sometime in 2016, you did knowingly and intentionally conspire

15   with at least one other individual to possess with the intent

16   to distribute a controlled substance, 5 kilograms or more of a

17   substance containing a detectible amount of cocaine.  Is that

18   right?

19        **DEFENDANT TORRES:**  Yes, sir.

20        **THE COURT:**  And that included the 42 kilograms of

21   cocaine that she's mentioned and how they were in a vehicle in

22   your particular driveway.  The 13 kilograms that were picked up

23   by somebody else, and the 40 kilograms that you all have just

24   admitted, you have just admitted as to what she indicated about

25   you?  And all of these were in agreement with at least one

```
 1   other individual, is that correct?

 2             DEFENDANT TORRES:  Yes, sir.

 3             THE COURT:  And you knew what you were doing was

 4   illegal and no one forced you to do it, you did it of your own

 5   free will?

 6             DEFENDANT TORRES:  Yes, sir.

 7             THE COURT:  And with regards to you, Mr. Robledo, in

 8   your case, you agreed to go ahead and help, agree with at least

 9   one other individual that there would be 40 kilograms of

10   cocaine supplied to someone else for further distribution.  Is

11   that correct?

12             DEFENDANT ROBLEDO:  Yes, sir.

13             THE COURT:  And you knew what you were doing was

14   illegal, and no one forced you to do it, you did it of your own

15   free will?

16             DEFENDANT ROBLEDO:  Yes, sir.

17             THE COURT:  And Mr. Martinez, in your case, you also

18   agreed to supply and to participate with the supply and to

19   other individuals with at least, a discussion with at least one

20   other person or more, to go ahead and provide cocaine, of more

21   than 5 kilograms for further distribution.  Is that correct?

22             DEFENDANT MARTINEZ:   Yes, your Honor.

23             THE COURT:  And you knew what you were doing was

24   illegal, and no one forced you to do it, you did it of your own

25   free will?
```

1          **DEFENDANT MARTINEZ:**   Correct, your Honor.

2          **THE COURT:**   And Mr. Hernandez, in your case, you

3   participated in this conspiracy by agreeing to go ahead and

4   take about 40 kilograms of cocaine to Mr. Robledo's house,

5   where it was going to be stored and or kept for further

6   distribution to someone else.  Is that correct?

7          **MS. PROFIT:**   It was, it was Elmer Macario, your

8   Honor, it was not, he was taking it to Elmer Macario's stash

9   house.

10          **THE COURT:**   He was taking it to that stash house, but

11   he was doing it on behalf of Mr. Robledo.

12          **MS. PROFIT:**   And Mr. Morales, your Honor.  And

13   Mr. Davila.

14          **THE COURT:**   And you were doing that, Mr. Hernandez.

15   You were taking more than 5 kilograms, and you agreed with one

16   other individual, to go ahead and take them, to another

17   location for further distribution to someone else.  Is that

18   correct?

19          **DEFENDANT HERNANDEZ:**   Yes, your Honor.

20          **THE COURT:**   And it was more than 5 kilograms of

21   cocaine, is that right?

22          **DEFENDANT HERNANDEZ:**   Yes.

23          **THE COURT:**   With regards to each one of you, the

24   Court is definitely satisfied that there is a factual basis for

25   each one of your guilty pleas.  Since you've acknowledged that

1    you are guilty as charged in the count of the indictment to

2    which you have plead guilty to, since you know of your right to

3    a trial and what the maximum possible punishment is, and since

4    you're voluntarily pleading guilty, I will order that a

5    presentence investigation reports in your cases be prepared.

6    The Court's going to order that they be prepared by May 8th, of

7    the year 2018.  Objections have to be filed by May 22nd, of the

8    year 2018.  And final reports have to ready for the Court by

9    June 5th, of the year 2018.

10         Are your clients going to insist on the 35 day

11   waiting period before they are sentenced.

12        **(All Defense Counsel respond in the negative)**

13        **THE COURT:**  Everybody is waiving it.  The sentencing

14   is on June 27th, of the year 2018 at 9:30 in the morning in

15   this courtroom.  Any motions for continuance have to be filed

16   by June 25th, by the year 2018.

17         If you all don't have anything else, you all can be

18   excused.

19        **(Pause)**

20        **MS. PROFIT:** There's a couple of people that are out

21   on bond, your Honor.

22        **THE COURT:** We do have **--**

23        **MS. PROFIT:**  And the government does believe that

24   there are exceptional circumstances to continue them out on

25   bond, your Honor.

1          **THE COURT:**  I need to look at their Pretrial Services

2    reports.  Mr. Caceres and Mr. Martinez, you've now plead to

3    something that no longer allows you to be on out on bond,

4    unless there are exceptional circumstances.  Can I see the

5    Pretrial Services reports?

6          **(Pause)**

7          **THE COURT:**  Mr. Arriaga, you need to come back here.

8          **(Pause)**

9          **THE COURT:**  Do we have to print out the copy or do we

10   have it.

11         **THE CLERK:**  Yes, Judge.

12         **THE COURT:**  Please remember, that if we have somebody

13   out on bond, we need the Pretrial Services report.

14         **MS. OWENS:**  Yes, your Honor.  I apologize.

15         **(Pause)**

16         **THE COURT:**  Might as well bring up the other two

17   defendants if they're in custody.  Just bring them in here so

18   we can be ready to take them up.

19         **(Pause)**

20         **THE COURT:**  The reason we don't have a Pretrial

21   Services report for Mr. Caceres is what?

22         **MS. OWENS:**  He is being supervised, or I believe

23   they're both being supervised out of **--**

24         **THE COURT:**  What?

25         **MS. OWENS:**  **--** I'm sorry, your Honor.  I believe

1    they're both being supervised in the Dallas.

2         **THE COURT:**  Okay.  But, we still need a copy of the

3    Pretrial Services report.  Can you get one?

4         **MS. OWENS:**  Yes, your Honor.  Let me, just one

5    second, my apologies.

6    **(Pause)**

7         **THE COURT:**  Mr. Montalvo, you live in Corpus Christi,

8    is that correct?

9         **DEFENDANT MONTALVO:**  Yes, sir.

10        **THE COURT:**  You're an American citizen?

11        **DEFENDANT MONTALVO:**  Yes, sir.

12        **THE COURT:**  You have been arrested before, right?

13        **DEFENDANT MONTALVO:**  Yes.

14        **THE COURT:**  Several times.

15        **DEFENDANT MONTALVO:**  Yes, sir.

16        **THE COURT:**  Weapons, unauthorized use of a vehicle,

17   possession of marijuana, failure to identify, interfere with

18   emergency request for assistance, delivery of marijuana, it's

19   quite a history, is that correct?

20        **DEFENDANT MONTALVO:**  Yes, sir.

21        **THE COURT:**  Are you working someplace right now?

22        **DEFENDANT MONTALVO:**  Yes, sir.  I'm an electrician

23   for Triad Electrical Contractors.

24        **THE COURT:**  Are you electronic monitoring or

25   anything?

1          **DEFENDANT MONTALVO:**  Yes, sir. I have the ankle

2   monitor on right now.

3          **MR. BARROSO:**  Your Honor, I might add that he has

4   been on bond supervision.  He was initially arrested by **--**

5          **THE COURT:**  He's been on bond supervision from pretty

6   much from the start.

7          **MR. BARROSO:**  **--** yes, your Honor.

8          **THE COURT:**  And that was out of Corpus Christi.

9          **MR. BARROSO:**  Actually, it was out of Dallas, your

10  Honor.

11         **DEFENDANT MONTALVO:**  It was out of Dallas.

12         **MR. BARROSO:**  He was arrested in Dallas.

13         **THE COURT:**  But it was Judge Libby who participated

14  over his decision as to whether he should be out on bond or

15  not, the Magistrate Judge in Corpus Christi.

16         **MR. BARROSO:**  But, prior to that time, they were

17  arrested at the state level, and they executed bonds there your

18  Honor.

19         **THE COURT:**  I'm not interested in the state level.

20         **MR. BARROSO:**  I'm sorry.  Okay.

21         **THE COURT:**  I'm interested, since he's come into our

22  custody, he's been out on bond.  A decision made by Magistrate

23  Judge Jason Libby in Corpus Christi, in the Federal District

24  Court there.

25         **MR. BARROSO:**  I understand, your Honor.

1          **THE COURT:**  And the government's view is that you

2    think he should continue out on bond, is that correct?

3          **MS. PROFIT:**  Yes, your Honor.  I think that there are

4    exceptional circumstances that we've discussed in this

5    particular case.  I was **--**

6          **THE COURT:** Well, he's done nothing that has caused

7    any problems since he's been out on bond over this lengthy

8    period of time.

9          **MS. PROFIT:**  **--** and I, frankly, your Honor, I

10   originally considered appealing it, and then did not.  But, at

11   any rate, he has not had any problems that had been reported to

12   the government.  So.

13         **THE COURT:** Well, the Court's convinced by the

14   standard required by law Mr. Montalvo, that you're not likely

15   to flee or pose a danger pending your sentencing.  I'm going to

16   continue you under your present bond conditions, every single

17   one of them.

18         **DEFENDANT MONTALVO:** Yes, sir

19         **THE COURT:**  The, one of those, of course, is that you

20   make all your scheduled court appearances.  The next one is the

21   date that the Court has given you for sentencing.  Make sure

22   that you're here.  If you're not, your bond is forfeited, an

23   arrest warrant is issued against you, and the government files

24   another felony charge against you for failure to appear, and

25   you definitely don't want to have that kind of problem.

1        **DEFENDANT MONTALVO:**  Yes, sir.

2        **THE COURT:**  If you all don't have anything else, you

3   all can be excused.

4        **MR. BARROSO:**  Thank you, your Honor.

5        **THE COURT:**  Mr. Caceres, have you been convicted of

6   something in the past?

7        **DEFENDANT CACERES:**  Yes, sir.

8        **THE COURT:**  For what?

9        **DEFENDANT CACERES:**  Marijuana in Memphis, Tennessee.

10       **THE COURT:**  And where are you living now?

11       **DEFENDANT CACERES:**  Dallas, Texas, sir.

12       **THE COURT:**  And you came down here, did you drive,

13   did you fly, or what?

14       **DEFENDANT CACERES:**  I come, the bus.

15       **THE COURT:**  So, you came pretty close to here?

16       **DEFENDANT CACERES:**  A block away.

17       **THE COURT:**  Do you think there's exceptional

18   circumstances in his case?

19       **MS. PROFIT:**  Yes, your Honor.

20       **THE COURT:**  Are you reporting to your probation

21   officer?

22       **DEFENDANT CACERES:**  Yes, sir.  I have not messed up

23   anything.  Everything has been perfect the day I came up.

24       **THE COURT:**  But, you're not under electronic

25   monitoring are you?

1            **DEFENDANT CACERES:**  No, sir.

2            **THE COURT:**  Are you working?

3            **DEFENDANT CACERES:**  Yes, sir.  I got to stay at my

4    mom's house because I'm taking care of my grandma.  She's ill.

5    She's 90 years old, so she has dementia.  So, somebody has to

6    stay with her 24 7 and I get paid by her insurance.

7            **THE COURT:**  Did you want to say something,

8    Mr. Mulder?

9            **MR. MULDER:**  No, your Honor.  Just that we, I'm not

10   aware of any problems with Pretrial, or his reporting.  We'd

11   ask that he be continued on the same bond conditions.

12           **MS. PROFIT:**  I know that when bond conditions were

13   discussed that his mother came down.  And she was very much

14   concerned about him.

15           **MR. MULDER:**  He continues to live with her.  He's

16   always come to court every time.  He takes the bus --

17           **THE COURT:**  Well, the government says that he should,

18   you think he should continue out on bond, and that's not a

19   problem.

20           **MS. PROFIT:**  That's not a problem, your Honor.

21           **THE COURT:**  The Court's convinced by the standard

22   required by law that he's unlikely to flee or pose a danger

23   pending his sentencing.  There are exceptional circumstances

24   that have been stated.  And so therefore, the Court's going to

25   continue him out on bond pending his sentencing.  You have to

1    continue all of your bond conditions that have been imposed.

2    One of those, of course, is that you make your scheduled court

3    appearances.  Make sure that you're here.  If you're not, your

4    bond is forfeited, an arrest warrant is issued against you, and

5    the government files another felony charge against you for

6    failure to appear.  And you definitely don't want to have that

7    kind of problems.  Do you understand that?

8            **DEFENDANT CACERES:**  Yes, sir.

9            **THE COURT:**  If you all don't have anything else, you

10   all can be excused.  Thank you.

11           **DEFENDANT CACERES:**  Thank you, sir.

12           **THE COURT:**  Are you making it back, Mr. Mulder?

13           **MR. MULDER:**  I'm sorry?

14           **THE COURT:**  Are you the one that told us that you had

15   to --

16           **MR. MULDER:**  5:30 flight.

17           **THE COURT:**  You're going to make it.

18           **MR. MULDER:**  I think so.  Thank you, Judge.

19           **THE COURT:**  I thought about making you spend the

20   night here, but we went ahead and scheduled you all for today.

21           **MR. MULDER:**  I packed extra clothes just in case.

22           **THE COURT:**  That message was given to me earlier,

23   through the case manager.

24           **MR. MULDER:**  Thank you, Judge.

25           **(Proceeding ended 3:38 p.m.)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>December 17, 2019</u>

        Signed                                        Dated



*TONI HUDSON, TRANSCRIBER*